RIKERD *v.* ADDISON FUR CORP.

1. FRAUDS, STATUTE OF—CONTRACTS—ORAL AGREEMENT TO SAVE ANOTHER FROM LOSS.

Oral agreement by defendant that, if plaintiff would refrain from enforcing collection of certain notes given by third party, defendant would save plaintiff free from loss, is not agreement to pay debt of another, and therefore is not void because not in writing (3 Comp. Laws 1929, § 13417).

2. CONTRACTS—OFFER AND ACCEPTANCE—CONSIDERATION—PERFORMANCE.

Offer by defendant that, if plaintiff would refrain from enforcing collection of certain notes given by third party, defendant would save plaintiff free from loss, which was accepted and fully performed by plaintiff, constituted valid contract supported by good and sufficient consideration.

3. DAMAGES—NO RECOVERY PERMISSIBLE WHERE NO LOSS SHOWN.

In action on contract whereby defendant agreed to save plaintiff free from loss in consideration of his refraining from enforcing collection of certain notes given by third party, plaintiff is not entitled to recover, notwithstanding full performance on his part, in absence of any evidence that he thereby sustained any loss.

Appeal from Jackson; Simpson (John), J. Submitted April 21, 1933. (Docket No. 142, Calendar No. 37,076.) Decided June 5, 1933.

Assumpsit by Arthur R. Rikerd against Addison Fur Corporation, a Michigan corporation, on a contract of forbearance to sue on promissory notes. Judgment for plaintiff. Defendant appeals. Reversed.

*J. Earle Brown (Lewis J. Gregg, H. W. Glassen,* and *Kenneth D. Wilkins,* of counsel), for plaintiff.

*Burney E. Brower,* for defendant.

McDONALD, C. J. The plaintiff owned a pair of silver black foxes which he kept on defendant's ranch. On June 21, 1928, the defendant, acting as agent for the plaintiff, sold the foxes to Charles Woerner and Elizabeth Woerner, his wife, for $2,000 on a conditional sales contract which provided for a down cash payment of $500 and the balance by three promissory notes of $500 each, payable to the defendant, who was named in the contract as seller. The defendant deducted its sales commission from the cash received, and paid the balance to the plaintiff, to whom it also assigned the contract and indorsed the notes "without recourse." Before the first note matured the plaintiff wrote to the Woer-

ners in regard to its payment. This brought a letter from the defendant which reads:

"We have before us a copy of a letter written by you September 12th to Mr. Charles Woerner of Tipton, Michigan, notifying him that you are the holder of three notes of $500 each to which he is the signatory. Mr. Stanley Addison desires that you be informed of the probability that this contract may be canceled. It would be his intention in such an event to place another more satisfactory deal in your hands. In the meantime we request that you refrain from enforcing collection of the three notes."

Subsequently, in a conversation with Mr. Addison, the plaintiff claims that he was assured if he refrained from collecting the notes, the defendant would secure a better contract for him and see that he would not "stand any loss." The plaintiff accepted the defendant's offer, and urged that the new contract be procured as speedily as possible.

A new contract was not secured. The original was not canceled. The plaintiff refrained from enforcing collection of the notes. This action was brought to recover his loss, which he claims is the face value of the notes plus interest. At the conclusion of the trial the court adopted the plaintiff's theory of the case, and entered a judgment in his favor for $1,825. The defendant has appealed.

In its brief the defendant states:

"To make our proposition clear, at the outstart, we desire to state that we claim first, that there was no contract of forbearance to sue; second, that there was no promise to pay the obligations upon which suit could have been brought, and third, that whatever promise to perform made by the defendant was expressly based upon the contingency of the cancellation of the sales contract and notes in question and that the defendant in no way obligated itself to do anything until such cancellation was effected."

The defendant's contention that no actionable contract was established is based on its claim that the correspondence between the parties is insufficient for that purpose; and that the oral agreement cannot be considered because it amounts to a promise to pay the debt of another, and, not being in writing, is void under the statute of frauds (3 Comp. Laws 1929, § 13417). The oral agreement was not void. It contained no promise to pay the debt of another. The defendant did not promise to pay the notes. The agreement was that in consideration of the plaintiff's forbearance to enforce their collection the defendant would save him from loss by securing a new and better deal for him. The defendant had no thought of assuming payment of the notes. Its promise was to pay the plaintiff's damage, if any, that might result from delay in enforcing their collection while it was putting over the new deal. The record is not clear, but it indicates that the new deal was to exchange the plaintiff's foxes for stock in the National American Furs Corporation, and thus relieve the Woerners from their obligations on the notes.

The claim that defendant's promise was contingent on the cancellation of the sales contract has no merit. Its promise was contingent on the plaintiff's forbearance to collect the notes, and in that respect the plaintiff fully performed the agreement.

The evidence establishes a valid contract. It shows mutual promises supported by a good and sufficient consideration. It shows an offer by the defendant, acceptance by the plaintiff, and full performance on his part. It follows that the plaintiff is entitled to recover his damages if he has sustained any.

The evidence as to his damages is not sufficient to support the judgment. In fact, there is no definite

evidence of damages. On what theory the court measured the plaintiff's loss by the amount of the notes plus interest does not appear. The defendant did not promise to pay the notes. Its liability is to pay the plaintiff's loss sustained because of forbearing to sue or advancing the time of payment while a new deal was being negotiated. Did the delay cause him any loss? The evidence does not show it. As no damages were proven, the judgment is reversed, and a new trial granted, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.