MEADOWS *v.* DEPCO EQUIPMENT COMPANY.

DEPCO EQUIPMENT COMPANY *v.* McLOUTH
STEEL CORPORATION.

1. JUDGMENT—MOTION FOR SUMMARY JUDGMENT—FAILURE TO STATE CAUSE OF ACTION.

   A motion for summary judgment may be used to assert that the opposing party has failed to state a cause of action (GCR 1963, 117.2[1]).

2. SAME—MOTION FOR SUMMARY JUDGMENT—FAILURE TO STATE A VALID DEFENSE.

   A motion for summary judgment may be used by plaintiff to assert that the defendant failed to state a valid defense to plaintiff's claim (GCR 1963, 117.2[3]).

3. SAME—MOTION FOR SUMMARY JUDGMENT—MATERIAL ISSUE OF FACT.

   A motion for summary judgment may be used to show that there is no issue as to a material fact to be determined by the court or jury (GCR 1963, 117.2[3]).

4. SAME—SUMMARY JUDGMENT—FAILURE TO STATE CAUSE OF ACTION —AFFIDAVITS.

   A motion for summary judgment based upon the ground that the opposing party has failed to state a claim upon which relief can be granted needs no affidavit in support, since the ground for the relief requested must, if at all, appear on the face of the pleading so attacked (GCR 1963, 117.2[1]).

5. SAME—SUMMARY JUDGMENT—FAILURE TO STATE VALID DEFENSE— AFFIDAVITS.

   A plaintiff's motion for summary judgment on the ground that the defendant has failed to state a valid defense to a valid claim asserted against him need not be supported by affidavit (GCR 1963, 117.2[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur, Pleading § 335 *et seq.*
[2]  41 Am Jur, Pleading § 337.
[3-6]  41 Am Jur, Pleading § 340 *et seq.*
[7]  17 Am Jur 2d, Contracts § 244.
[8, 9, 11]  27 Am Jur, Indemnity § 15.
[10]  27 Am Jur, Indemnity § 13.

6. SAME—MOTION FOR SUMMARY JUDGMENT—AFFIDAVITS.

Normally affidavits in support of or in opposition to motions for summary judgment will be appropriate only where such judgment is based on the claim that there is no genuine issue as to any material fact (GCR 1963, 117.2[3], 117.3).

7. CONTRACTS—INTERPRETATION—INDEMNITY—INTENT.

The general rule in the interpretation of all contracts, including indemnity contracts, is to ascertain the intention of the parties.

8. INDEMNITY—CONSTRUCTION OF CONTRACTS—NEGLIGENCE—INTENTION OF PARTIES.

A contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms.

9. SAME—ONE'S OWN NEGLIGENCE—STRICT CONSTRUCTION.

A contract of indemnity which purportedly indemnifies against the consequences of one's own negligence is subject to strict construction and will not be so construed unless it clearly appears from the language used that it was intended to have that effect.

10. SAME—CONSTRUED AGAINST DRAFTOR AND INDEMNITEE.

Indemnity clauses are construed most strictly against the party who drafts them and the party who is indemnitee.

11. SAME—ACTS OF NEGLIGENCE—SERVICE ORDER.

Clause in "field service order," contract between defendant third-party plaintiff and third-party defendant, that third-party plaintiff "will not be responsible for * * * accidents or other causes beyond our control" *held*, in action by third-party defendant's employee against the third-party plaintiff, insufficient to indicate the intent to indemnify the indemnitee against its own acts of negligence.

Appeal from Oakland; Pratt (Philip), J. Submitted Division 2 May 12, 1966, at Detroit. (Docket No. 1,234.) Decided September 27, 1966.

Complaint by Clyde Meadows against Depco Equipment Company, a Michigan corporation, for personal injuries sustained when he was struck by a crowbar allegedly left by an employee of defend-

ant lying on a crane which defendant's employees had repaired.

McLouth Steel Corporation, a Michigan corporation, added as third-party defendant. Complaint by third-party plaintiff Depco Equipment Company against third-party defendant McLouth, employer of principal plaintiff, claiming that a clause in the "field service order" covering the repair of the crane constituted an indemnity agreement with McLouth which protected Depco from any losses it may suffer in the instant suit. Motion by third-party defendant McLouth for summary judgment. Summary judgment granted in favor of McLouth. Third-party plaintiff appeals. Affirmed.

*Albert Lopatin,* for the plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr* (*Buell Doelle* and *Michael B. Doelle,* of counsel), for defendant and third-party plaintiff Depco Equipment Company.

*Cary, BeGole, Martin, Bohall & Joselyn* (*Lawrence A. Bohall,* of counsel), for third-party defendant McLouth Steel Corporation.

RASHID, J. The principal plaintiff, an employee of third-party defendant McLouth Steel Corporation, sued Depco Equipment Company for personal injuries allegedly caused by the negligence of Depco's employees. Depco was retained by McLouth Steel to repair a certain crane on the latter's premises. It is alleged by the principal plaintiff that Depco, through its employees, was negligent in leaving a crowbar at or near a crane repaired by the employees upon the completion of the work. The crowbar was caught in the bands of the crane

and struck principal plaintiff causing the injuries complained of.

A "field service order" under which the work on the crane was performed by Depco for McLouth Steel contained the following clause or underwriting:

"It is agreed that Depco Equipment Co. will not be responsible for equipment in case of loss by fire, or theft; loose tools and equipment left on machines; accidents or other causes beyond our control. Also we will not be responsible for any lost time or breakdown time, for any cause whatsoever."

Depco filed and served a third-party complaint on McLouth Steel, pursuant to GCR 1963, 204, alleging that the clause or underwriting, quoted above, on the "field service order" constituted an indemnity agreement with McLouth Steel which protected Depco from any losses it may suffer in the instant suit. McLouth Steel, without filing an answer to the third-party complaint, filed a motion for summary judgment. Along with the motion, an affidavit of the attorney for McLouth Steel was filed setting forth the grounds for the motion. The affidavit in substance contended that the clause or underwriting in the "field service order" could not be construed as an indemnity agreement and thus the third-party complaint does not state a claim upon which relief can be granted. The attorney for Depco filed his affidavit in opposition to the motion.

The trial court denied the motion for summary judgment in favor of McLouth conditioned upon Depco filing an amended pleading within 20 days. Third-party plaintiff having elected not to amend its complaint, an order for summary judgment in favor of McLouth Steel was entered by the trial court. From this order third-party plaintiff appeals here.

From reviewing the record and the briefs of the respective parties, it is apparent that there is some misunderstanding of the function of affidavits in a motion for summary judgment as set forth in GCR 1963, 117.2. The attorneys for third-party plaintiff and defendant filed affidavits containing their opinions and legal conclusions relating to the granting or denial, as the case may be, of the motion for summary judgment.

Summary judgment under Rule 117.2, *supra,* has 3 functions:

(1) A motion for summary judgment may be used to assert that the opposing party has failed to state a claim upon which relief can be granted. That is to say, even accepting the opposing party's factual allegations as true, he has failed to state a cause of action. GCR 1963, 117.2(1).

(2) Rule 117.2 also permits the use of summary judgment where one party asserts that the opposing party failed to state a valid defense to his claim. GCR 1963, 117.2(3).

(3) Finally, Rule 117.2 permits the use of summary judgment to show that there is no issue of a material fact to be determined by the court or jury. GCR 1963, 117.2(3).

In *Durant* v. *Stahlin* (1965), 375 Mich 628 at pp. 643, 644, Mr. Justice Souris clearly explained the function of affidavits under Rule 117.2, *supra.*

"As under our former dismissal practice for failure of the plaintiff to state a cause of action, motions for summary judgment under Rule 117.2(1), based upon the ground that the opposing party has failed to state a claim upon which relief can be granted, need no affidavit in support, for the simple reason that the ground for the relief requested must, if at all, appear on the face of the pleading so attacked. The same is true of a motion for summary judgment under Rule 117.2(2), based upon the ground that the

opposing party has failed to state a valid defense to the claim asserted against him. In neither of such motions is nonpleaded fact, offered by affidavit or otherwise, pertinent to the issue (failure to state a claim upon which relief can be granted or failure to state a valid defense) presented by such motion. * * * Normally, as Rule 117.3 makes clear, affidavits will be appropriate only in support of or in opposition to motions for summary judgment under Rule 117.2(3) based upon the claim that there is no genuine issue as to any material fact."

This brings us now to the consideration of the question raised by third-party defendant's motion under Rule 117.2(1) which challenges the legal sufficiency of Depco's claim against it. The question to be decided may be stated as follows: whether the aforementioned clause or underwriting in the "field service order" constituted an indemnity agreement wherein McLouth Steel agreed to indemnify Depco for the latter's negligence.

The general rule in the interpretation of all contracts, including indemnity contracts, is to ascertain the intention of the parties. *Klever* v. *Klever* (1952), 333 Mich 179; *Smeader* v. *Mason* (1954), 341 Mich 139; *Sobczak* v. *Kotwicki* (1956), 347 Mich 242. However, with regard to contracts indemnifying one against his own negligence, it is generally stated:

"It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms." 27 Am Jur, Indemnity, § 15, p 464.

In *Buffa* v. *General Motors Corporation* (ED Mich, 1955), 131 F Supp 478 at p. 482, the court stated:

"As a general proposition, a contract of indemnity which purportedly indemnifies against the consequences of one's own negligence is subject to strict construction and will not be so construed unless it clearly appears from the language used that it was intended to have that effect."

See, also, 175 ALR 29.

In this State the rule regarding the construction of indemnity contracts has been recently stated in *Baker Contractor, Inc., v. Chris Nelsen & Son, Inc.* (1965), 1 Mich App 450 at p. 454:

"It is also clear, however, that such clauses [indemnity clauses] are construed most strictly against the party who drafts them and the party who is indemnitee. *Michigan Chandelier Co.* v. *Morse* (1941), 297 Mich 41; *In re Traub Estate* (1958), 354 Mich 263."

The clause or underwriting in question reads:

"It is agreed that Depco Equipment Co. will not be responsible for equipment in case of loss by fire, or theft; loose tools and equipment left on machines; accidents or other causes beyond our control. Also we will not be responsible for any lost time or breakdown time, for any cause whatsoever."

The language used here certainly does not show in clear and unequivocal terms any intent of McLouth Steel to indemnify Depco for the latter's negligence; the trial court indicated:

"The phrase 'loose tools and equipment left on machines' could have a myriad of interpretations; *e.g.*, whose tools, Depco's or McLouth's?; the theft of tools?; the loss of tools?"

The portion of the clause "loose tools and equipment left on machines" more logically is read in connection with responsibility for loss by fire and

theft than with the portion concerning accidents or other causes beyond Depco's control.

The phrase which gives the greatest support in establishing Depco's contention is: "Depco Equipment Co. will not be responsible for * * * accidents or other causes beyond our control." However, not being responsible for accidents beyond its control does not relieve Depco from responsibility for accidents within its control, *i.e.*, negligence, and entitle Depco to be indemnified from McLouth Steel in the instant suit.

Appellant, to support its position that the instant clause constitutes an indemnity agreement against its acts of negligence, directs our attention to similar clauses in other cases which are far different. We can agree that as in *Hoek* v. *Township of Allendale* (1910), 161 Mich 571, 575 (21 Ann Cas 118) where the defendant *told* plaintiff he "would stand back of him" or in *Rikerd* v. *Addison Fur Corp.* (1933), 263 Mich 436, 438 where one assured told another that he would not "stand any loss," that it was in the province of the jury to determine the intention of the parties. The other cases cited by appellant in support of its position contain specific indemnity clauses, within the general agreement, sufficient to indicate the intent to indemnify the indemnitee against his acts of negligence. However, we find no reference to any case which has sustained a clause so barren of the concept of indemnity as the one sought to be enforced in this cause.

The trial court was correct in its finding that Depco failed to state a claim upon which relief could be granted.

Affirmed. Costs to appellee.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.