GEURINK *v.* HERLIHY MID-CONTINENT COMPANY.

1. CONTRACTS—INTERPRETATION—INTENTION OF PARTIES.
   The general rule in the interpretation of all contracts is to ascertain the intention of the parties.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 240, 244.
[2] 27 Am Jur, Indemnity § 13.
[3] 27 Am Jur, Indemnity § 15.
[4] 27 Am Jur, Indemnity §§ 13–15.
[5] 41 Am Jur, Pleading §§ 340–343.

2. INDEMNITY—CONSTRUCTION OF CLAUSE.

Indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee.

3. SAME—NEGLIGENCE—CONSTRUCTION OF CLAUSE.

The law will consider that the parties to a contract of indemnity did not undertake to indemnify one against the consequences of his own negligence unless the intention is unequivocally expressed in the plainest of words, although it need not be done in any particular language or form.

4. CONTRACTS—CONSTRUCTION OF INDEMNITY CLAUSE—NEGLIGENCE.

Clause in purchase order, contract between defendant third-party plaintiff and third-party defendant, that third-party defendant "agrees and covenants to indemnify * * * [third-party plaintiff] from all liability, claims, * * * arising by reason of any personal injuries or loss and damage to property * * * on the site of the work being performed" *held,* in action by third-party defendants' employee against the third-party plaintiff, insufficient to indemnify the indemnitee against its own acts of negligence.

5. JUDGMENT—SUMMARY JUDGMENT—PLEADING—INDEMNITY.

Summary judgment for third-party defendant based on pleadings, oral argument, and briefs on third-party complaint based upon contract in which third-party plaintiff alleges third-party defendant agreed to indemnify third-party plaintiff against "all" damage or injury suffered "on" the site of the work *held,* correct, where there was no dispute as to any material fact, and, since the court determined that the clause did not protect the third-party plaintiff from the results of its own negligence, the third-party complaint failed to state a claim upon which relief could be granted (GCR 1963, 117.2).

Appeals from Kalamazoo; Fox (Raymond W.), J. Submitted Division 3 March 10, 1966, at Grand Rapids. (Docket Nos. 667, 668.) Decided November 22, 1966. Rehearing denied December 23, 1966. Leave to appeal denied by Supreme Court March 9, 1967. See 379 Mich 754.

Declaration by John Geurink against Herlihy Mid-Continent Company, an Illinois corporation, for personal injuries sustained when the roof of a school building under construction collapsed. Derivative

action by Alice Geurink for loss of companionship and consortium.

Harold R. Sobie, Harold R. Sobie Company, and Harold R. Sobie Company, Inc., added as third-party defendants in both cases. Complaints by third-party plaintiff, Herlihy Mid-Continent Company, against third-party defendants, Harold R. Sobie, Harold R. Sobie, Inc., and Harold R. Sobie Company, Inc., employer of principal plaintiff, claiming an indemnity agreement wherein Sobie agreed to indemnify Herlihy for its own negligence. Third-party defendants' motion for summary judgment granted. Judgment for principal plaintiffs. Herlihy Mid-Continent Company appeals. Affirmed.

*Doyle, James & Dark,* for defendant and third-party plaintiff.

*Schmidt, Smith, Howlett & Halliday (Kent J. Vana,* of counsel), for third-party defendants.

Burns, J. Herlihy Mid-Continent Company (hereinafter referred to as Herlihy), third-party plaintiff and appellant herein, was the general contractor for the building and erection of the Loy-Norrix high school in the city of Kalamazoo. Harold R. Sobie Company (hereinafter referred to as Sobie), third-party defendants and appellees*, was the roofing subcontractor. Plaintiff John Geurink was an employee of Sobie.

A purchase order was issued and sent to Sobie by Herlihy and a signed acceptance of the purchase order was returned. The purchase order in part states:

"The subcontractor hereby waives and releases the general contractor from all liability for injuries to

---

* The third-party plaintiff filed suit against Harold R. Sobie, Harold R. Sobie Company and Harold R. Sobie Company, Inc.

persons and damages to and loss of property which the subcontractor may suffer or sustain in performance of this subcontract, or in connection herewith; and the subcontractor hereby agrees and covenants to indemnify and hold harmless the general contractor from all liability, claims, demands, causes of action and judgments arising by reason of any personal injuries or loss and damage to property suffered by or sustained by any of the subcontractor's employees, agents or officers while on the site of the work being performed under this subcontract, or going to or from said site, or in furnishing or carrying material to said site."

After the steel framework had been put into place by the general contractor, the Sobie crew came to the job site to unload trucks filled with roof decking and to install it on the steel framework. After unloading the material from the trucks onto the ground, Geurink, along with 2 other employees, went to the roof to remove the decking material from an unwelded beam. Almost as soon as the 3 men placed their added weight onto the decking material in the area where the unwelded beam was located, the roof collapsed to the ground, seriously injuring the plaintiff.

Nearly 3 years later John Geurink and Alice Geurink, his wife, brought these actions against Herlihy for damages arising out of the accident of February 1, 1960. On January 25, 1963, an order was entered joining Sobie as third-party defendant.

On February 6, 1963, a motion for summary judgment was filed by the third-party defendant, and later the motion was granted.

Upon trial, a jury returned verdicts which were reduced to judgments in favor of the Geurinks and against Herlihy, and it now appeals, claiming that the purchase order accepted by Sobie constituted an indemnity agreement wherein Sobie agreed to in-

demnify Herlihy for the latter's negligence, and that
the trial court erred in granting the summary judg-
ment on the pleadings, oral argument and briefs.

The general rule in the interpretation of all con-
tracts is to ascertain the intention of the parties.
*Klever* v. *Klever* (1952), 333 Mich 179. Indemnity
clauses are construed most strictly against the party
who drafts them and the party who is the indemnitee.
*Baker Contractor, Inc.,* v. *Chris Nelsen & Son, Inc.*
(1965), 1 Mich App 450.

Herlihy's claim against Sobie was based on an all-
inclusive indemnity clause contained in the purchase
order. The appellant places great emphasis on the
broad language, "any" damage or injury suffered
"on" the site of the work. As stated in *Batson-Cook
Company* v. *Industrial Steel Erectors* (CA 5, 1958),
257 F2d 410, on p 412:

> "The problem inexorably begins and ends as one
> of construction of the specific contractual terms, and
> that in this process it is the law which steps in and
> tells the parties that while it need not be done in any
> particular language or form, unless the intention is
> unequivocally expressed in the plainest of words, the
> law will consider that the parties did not undertake
> to indemnify one against the consequences of his
> own negligence."

and on p 413:

> "The phrase stressed heavily is indeed broad. But
> the broad, all-inclusiveness of language used is it-
> self one of the indicia which the law regards as in-
> sufficient. The purpose to impose this extraordinary
> liability on the indemnitor must be spelled out in
> unmistakable terms. It cannot come from reading
> into the general words used the fullest meaning
> which lexicography would permit."

The indemnifying language in the purchase order
does not insulate the appellant from the conse-

quences of his own negligent conduct unless it is clearly shown that the parties expressly agreed to this type of indemnification. *Meadows* v. *Depco Equipment Company (Depco Equipment Company v. McLouth Steel Corporation)* (1966), 4 Mich App 370. The trial court was correct in its ruling that the indemnity agreement did not give Herlihy a right of action against Sobie.

Appellant contends the trial court erred by granting a summary judgment based exclusively on the pleadings, oral arguments and briefs. GCR 1963, 117.2 states:

"Grounds. The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any 1 of the following grounds:

"(1) the opposing party has failed to state a claim upon which relief can be granted."

There was no dispute as to any material fact; the determination of appellant's claim rested upon the interpretation of the indemnity clause. Once the court determined that the clause did not protect the appellant from the results of its own negligence, the appellant had failed to state a claim upon which relief could be granted. The trial court was correct in granting the summary judgment.

Judgment affirmed. Costs to appellee.

FITZGERALD, P. J., and J. H. GILLIS, J., concurred.