## WHITE v. McLOUTH STEEL CORPORATION

PARTIES—NEGLIGENCE ACTION—JOINDER—STRICT LIABILITY—WORK-
MEN'S COMPENSATION—EXCLUSIVITY OF REMEDY.

> Joinder by defendant corporation, in whose plant plaintiffs
> were working, of plaintiffs' employer as a third-party defendant
> in an action based on vicarious or strict liability of the
> principal defendant is permissible where it appears before trial
> that plaintiffs' employer and the principal defendant stand
> in a unique relationship by reason of an indemnification agree-
> ment which may have created certain duties and obligations
> by reason of contract or tort, even though the plaintiffs had
> collected workmen's compensation from their employer.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 June 11, 1969, at Detroit. (Docket
Nos. 4,448, 4,449, 4,450, 4,451.) Decided August 26,
1969. Rehearing denied October 15, 1969. Applica-
tion for leave to appeal filed October 28, 1969.

Complaints by Anthony E. White, his wife Ruby
T. White, Clarence White, and his wife Marie White
against McLouth Steel Corporation for injuries to
male plaintiffs caused by an explosion at defendant's
blast furnace, and for consequent loss of consortium
by their wives. Zurich Insurance Company, work-
men's compensation insurer of the male plaintiffs'
employer, A. E. Anderson Construction Company,
intervened as a plaintiff. Third-party complaint by
McLouth against A. E. Anderson Construction Com-

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 63.

pany. Summary judgment for Anderson against McLouth. McLouth appeals. Reversed and remanded.

*Leonard C. Jaques,* for plaintiffs Anthony and Ruby White.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian (Paul A. Rosen,* of counsel), for plaintiffs Clarence and Marie White.

*Johnson, Campbell & Moesta,* for intervening plaintiff Zurich Insurance Company.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for defendant McLouth Steel Corporation.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardell,* for third-party defendant A. E. Anderson Construction Company.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

FITZGERALD, P. J.  Despite the apparent confusion soon forthcoming in the recitation of the facts of this multi-party litigation, the basic issues on appeal are not difficult.  Plaintiffs were injured while at work on a blast furnace at McLouth Steel Corporation, hereinafter referred to as McLouth.  They were hired by A. E. Anderson Construction Company, hereinafter referred to as A. E. Anderson, the general contractor, to assist in the general work of relining the McLouth furnace.  A provision of the contract between McLouth and A. E. Anderson provided indemnity to McLouth in the event that it became subject to claims, demands or liabilities for

injuries connected with the work. Plaintiffs' injuries were allegedly caused by an explosion set off by another employee of A. E. Anderson. They obtained workmen's compensation from A. E. Anderson, their employer, and then sued McLouth, first in general and gross negligence, then amending their complaint to charge that there was an inherent danger in the ultra-hazardous activities being carried on by A. E. Anderson on the premises of McLouth for which McLouth was liable. Plaintiffs' wives are also before us, having brought separate actions proclaiming the same issues of law and fact.

Zurich Insurance Company, hereinafter referred to as Zurich, was the workmen's compensation insurer of A. E. Anderson. It intervened in the action by plaintiffs against McLouth, alleging the same grounds for recovery in order to protect its compensation lien provided by statute. Seeking to invoke the indemnity clause of the contract, McLouth filed an action, later amended, impleading A. E. Anderson as a third-party defendant.[1] Definitely not wishing to get involved, A. E. Anderson moved for summary judgment against McLouth based on McLouth's alleged failure to state a claim upon which relief to it could be granted.[2] The motion was heard and granted by the lower court. To reiterate with the continuing intent of simplification, we note that McLouth is the plaintiff-appellant on this appeal and A. E. Anderson is the defendant-appellee.

The question presented is whether the "exclusive remedy" provision of the workmen's compensation act prevents McLouth from obtaining indemnification (1) at common law, or (2) under a contract with the employer Anderson, and (3) if the act does not prevent recovery under a contract, does the

---

[1] GCR 1963, 204.
[2] GCR 1963, 117.2(1).

McLouth-Anderson contract provide indemnification against the particular claims asserted by the plaintiffs White?

It was manifest to the lower court that, given the "exclusive remedy" provisions of the workmen's compensation act,[3] an employer such as A. E. Anderson should not be subject to actions apparently founded on negligence liability brought by its employees. Referring to the case of *Geurink* v. *Herlihy Mid-Continent Company* (1966), 5 Mich App 154, the court then determined that A. E. Anderson should not have been joined by McLouth in defense of this claim made by the employees. It must be seen, however, that the *Geurink* court evaluated an indemnity contract which had weathered the examination of a trial as to its validity and applicability. Such a contract made between the principal defendant and the otherwise immune employer, who may have relinquished his shield under the workmen's compensation act so that he might win the probable battle for the construction contract, may have some effect as shall be seen. But as we do not have before us any litigated aspect of the contract of indemnity, we may only decide whether the trial court erred in finding that a determination of possible obligations under such a contract shall not be included along with the principal suit. Thus, those several questions which arise on this appeal that involve matters which would necessarily require an evaluation of the terms of the indemnity contract, or a determination of disputed facts, will be disregarded.[4]

The definitive case on third party joinder of employers by a principal defendant where the provisions of the workmen's compensation act serve to

---

[3] MCLA § 411.4 (Stat Ann 1968 Rev § 17.144); MCLA § 416.1 (Stat Ann 1968 Rev § 17.212).

[4] See 1 Honigman & Hawkins, Michigan Court Rules Annotated, committee notes to GCR 1963, 117, p 353.

defeat such joinder is that of *Husted* v. *Consumers
Power Company* (1965), 376 Mich 41. Therein the
Court notes that since GCR 1963, 204, does not create
substantive rights of recovery from the third-party
defendant, such a right must exist independently of
the claim and may take the form of indemnity.
There being no contract of indemnity in *Husted,* nor
claim of common-law tort indemnity, that court
found first that the two cases based upon such a
contract cited by Consumers Power[5] were inap-
plicable and, second, that in the absence of a contract
of indemnity[6] while there may be cases where re-
covery might be had by application of common-law
tort indemnity where there is proven proof of free-
dom from fault involved, *Husted* was not such a
case.

Before analysis of McLouth's argument that the
present case is an exception to the general rule as
noted in *Husted,* it is convenient to delineate the
holding of this Court in *Geurink, supra.* There an
indemnitee was prevented by the Court from re-
covering under an indemnification contract contain-
ing terms similar to those in this case because there
were no provisions included which expressly permit-
ted recovery by the indemnitee in the event of his
own negligence.[7] Alleging that the plaintiffs White
are suing it for vicarious and strict liability[8] and
not for personal fault, McLouth asserts that it is
entitled to both protection under the contract and

---

[5] *Blackford* v. *Sioux City Dressed Pork, Inc.* (1962), 254 Iowa
845, (118 NW2d 559); *Ryan Stevedoring Co., Inc.* v. *Pan-Atlantic
Steamship Corp.* (1955), 350 US 124 (76 S Ct 232, 100 L Ed 133).

[6] On suits for indemnity between property owners and contractors
for injuries to third parties on the job where no contract of indem-
nity is involved, see 97 ALR2d 616.

[7] *Meadows* v. *Depco Equipment Company* (1966), 4 Mich App 370.

[8] On secondary and primary liability in cases alleging a duty
to maintain safe premises, see *Builders Supply Co.* v. *McCabe* (1951),
366 Pa 322 (77 A2d 368, 24 ALR2d 319); 41 Am Jur 2d, Indemnity,
§§ 17, 20, pp 704, 706-710.

common-law indemnity.   Therefore, the omission of
the language in this contract dealing with negligence
of the indemnitee is not necessarily fatal as McLouth
is being sued for vicarious and strict liability and
not solely for negligence.   McLouth also alleges in
the alternative that the contract of indemnification
protects it to the extent that it is held liable because
of Anderson's actions or nonactions.   It is argued
that the substance of the action against McLouth
cannot be determined until the trial, and we agree.
However, we deduce that given for the moment
McLouth's argument that the actions by plaintiffs
White against McLouth are not founded solely in
negligence, then where, in the alternative, does the
fault and the duty to compensate for the injuries
lie?   By including a shifting of these burdens by
contract or by the law of torts to the employer,
would the principal action then only be a disguised
and prohibited action by an employee against his
employer?   We think not necessarily, and hold that
the joinder of the employer as a third-party defend-
ant in a case where vicarious or strict liability is
being charged against a principal defendant is per-
missible where it appears before trial that the em-
ployer and the defendant stand in a unique relation-
ship which may have created certain duties and
obligations by reason of contract or tort.

We agree with the *Husted* Court that the cases of
*Lunderberg* v. *Bierman* (1954), 241 Minn 349 (63
NW2d 355, 43 ALR2d 865)[9] and *Westchester Light-
ing Co.* v. *Westchester County Small Estates Corp.*
(1938), 278 NY 175 (15 NE2d 567), may apply where

---

[9] Although the case and the annotation deal with liabilities as
between owners of motor vehicles and employees of indemnitor em-
ployers and injured persons, the principles involved are here relevant.
Also, see *Burris* v. *American Chicle Co.* (CA 2, 1941), 120 F2d 218;
2 Larson, Workmen's Compensation, 1968 Supp, § 76.48; Prosser on
Torts (3d ed), § 48, Indemnity, pp 279, 280, and cases cited therein.

the issue of common-law indemnity is properly pleaded. McLouth did meet its burden of showing that the indemnitor has been charged with some fault or negligence which allegedly caused the breach of its duty to McLouth.[10] Reference to the pleadings filed by the Whites and Zurich shows that a case of vicarious or strict liability has been set out against McLouth.[11] It is noted that the failure of Consumers Power to employ the claim of common-law tort indemnity in *Husted* was caused by its not pleading facts that would justify a finding upon proof that it was free of fault. Such an objection cannot be made here as McLouth's charges against A. E. Anderson were certainly detailed and sufficiently made.

Unlike the situation in most of the cases studied by this Court, we do not know the merits of the contentions made by the Whites, Zurich or McLouth as to who really is primarily liable for the injuries. Basis for recovery has been asserted, but as final determination must await the wisdom of a trial court or a jury, it is impossible to know whether and on what grounds recovery may be allowed to the Whites. Only a thorough examination of the charges made at the trial will determine the likelihood of subsequent success for McLouth in obtaining indemnity from A. E. Anderson on the theories of contractual indemnity or common-law tort indemnity as herein set forth.[12]

Reversed and remanded. Costs to appellants.

All concurred.

---

[10] *Mesle* v. *Kea S. S. Corp.* (CA 3, 1958), 260 F2d 747.

[11] *Mulcahy* v. *Argo Steel Construction Company* (1966), 4 Mich App 116.

[12] See *Brady* v. *Stanley Weiss & Sons, Inc.* (1958), 6 App Div 2d 241 (175 NYS2d 850), and the concurring opinion of Justice BLACK in *Husted, supra.*