McLOUTH STEEL CORPORATION v A. E. ANDERSON
CONSTRUCTION CORPORATION

OPINION OF THE COURT

1. APPEAL AND ERROR—RECORD ON APPEAL—COURT RULES.

A court reporter should not, even on the order of a judge, strike from the record that which actually took place because court reporters are bound by court rules to make a verbatim record of the proceedings, and any deviation in a transcript or certified record stultifies appellate review (GCR 1963, 915.2).

2. WORKMEN'S COMPENSATION—INDEMNITY—JOINT TORTFEASORS—CONTRIBUTION.

An action for indemnification brought against a contractor as a result of a judgment in favor of an employee of the contractor against the indemnitee for injuries sustained by the employee while engaged by his employer in construction work for the indemnitee deals only with principles of indemnity and not contribution among joint tortfeasors; contribution is not available because the Workmen's Compensation Act provides the only basis of recovery by the employee against the contractor-employer.

3. WORKMEN'S COMPENSATION—INDEMNITY—JOINT TORTFEASORS—CONTRIBUTION.

An action for indemnification against a contractor as a result of a judgment against the indemnitee for injuries sustained by the contractor's employee while engaged by his employer in construction work for the indemnitee is permissible under a properly drawn contractual agreement or at common law even

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 404.
[2, 3] 41 Am Jur 2d, Indemnity §§ 11, 18–26.
[4, 7, 8, 10] 41 Am Jur 2d, Indemnity § 20.
[5] 41 Am Jur 2d, Indemnity § 3.
[6] 41 Am Jur 2d, Indemnity § 18.
[9] 41 Am Jur 2d, Indemnity §§ 31, 36.

though the Workmen's Compensation Act precludes contribution.

4. INDEMNITY—NEGLIGENCE.

The underlying principle of indemnity rests on the notion that when one is compelled to pay money another ought to pay, the former may recover the sum so paid from the latter if the one making the payment is free from causal negligence.

5. INDEMNITY—CONTRACTS—INTERPRETATION.

Contractual agreements to indemnify have generally been strictly construed to prevent a casual interpretation that would allow indemnification for the consequences of a party's own negligence.

6. INDEMNITY—COMMON LAW.

A party seeking indemnification at common law must prove himself free from personal fault.

7. INDEMNITY—NEGLIGENCE—VERDICT.

A verdict announced by the jury foreman in an action for negligence that the defendant was "guilty of negligence" did not preclude defendant's subsequent assertion of "innocence" necessary to support an action for indemnification since the jury in the first trial was not called upon to decide whether the original defendant or the defendant in the indemnification suit was negligent.

8. INDEMNITY—NEGLIGENCE—PROXIMATE CAUSE.

A finding of negligence on the part of a plaintiff in an action for indemnification did not preclude indemnification where the jury expressly found such negligence was not a proximate cause of the injury out of which the suit for indemnification arose.

9. INDEMNITY—JUDGMENT—INTEREST—STATUTES.

Awarding interest to accrue on a judgment for indemnification from the date of the judgment against the indemnitee rather than from the date of filing the complaint for indemnity was not error because the purpose of an action seeking indemnification is to restore to the indemnitee that amount which he has paid which another ought to have paid, and since the judgment suffered by the indemnitee included interest payable to the original plaintiff from the date of filing of his complaint, it was proper not to augment the indemnitor's liability by adding more interest to an amount that had not yet been determined nor paid out by the indemnitee (MCLA 600.6013).

10. INDEMNITY—NEGLIGENCE—VERDICT.

*A jury verdict that the defendant was "guilty of negligence" included a finding on the issue of proximate cause and precluded the defendant from receiving indemnification either by virtue of a contractual indemnification provision, which did not in specific language provide for indemnification to the indemnitee for its own negligence, or on a theory of common-law indemnity, where the judge in describing plaintiffs' negligence theory charged the jury at considerable length regarding negligence, contributory negligence and gross negligence, but at no time spoke of defendant's negligence while instructing the jury regarding plaintiffs' alternate theories of an inherently dangerous activity and strict liability.*

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 March 7, 1973, at Detroit. (Docket Nos. 13661–13664.) Decided July 24, 1973. Leave to appeal denied, 391 Mich —.

Complaint by McLouth Steel Corporation against A. E. Anderson Construction Corporation for indemnification. Judgment for plaintiff. Defendant appeals. Plaintiff cross appeals. Affirmed.

*Martin, Bohall, Joselyn, Halsey & Rowe, P. C.,* for plaintiff.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch* (by *John R. Secrest* and *Lynn L. Lower),* for defendant.

Before: J. H. GILLIS, P. J., and MCGREGOR and ADAMS,* JJ.

J. H. GILLIS, P. J. This appeal involves the application of jury verdicts in two separately tried cases which were originally all part of a single lawsuit.

Defendant, A. E. Anderson Construction Corpo-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ration (hereinafter referred to as Anderson), was hired by plaintiff, McLouth Steel Corporation (hereinafter referred to as McLouth), to tear down and reline a blast furnace. Defendant agreed to furnish workmen, tools, and equipment and to supervise the project. The contract between plaintiff and defendant provided:

"If this order covers the performance of labor for the Buyer, the *Seller agrees to indemnify and protect the Buyer against all liabilities, claims, or demands for injuries or damages to any person or property growing out of the performance of this contract:* The Seller further agrees to furnish a Certificate from its insurance carriers showing that it carries adequate Workmen's Compensation, Public Liability, and Property Damage insurance coverage: Said Certificate must show the amount of coverage, number of policy and date of expiration. If Seller is self-insurer, he must have the Department of Labor and Industry of the state in which said labor is to be performed furnish Certificates of same direct from their offices to the Buyer." (Emphasis supplied.)

During the course of performance of the contract a charge of dynamite was exploded inside the furnace, a customarily employed practice for this type of operation. Anthony White, an employee of defendant Anderson, was injured by the blast. White and his wife sued McLouth, alleging a claim of negligence and gross negligence, a claim that McLouth was liable for the negligence of Anderson due to the inherently dangerous nature of Anderson's operation, and a claim of strict liability against McLouth because of the ultrahazardous activity of its contractor, Anderson.

McLouth added Anderson as a third-party defendant seeking indemnification under the contractual agreement quoted above, and at common law. Anderson's motion for summary judgment was

granted by the trial court, but that decision was reversed on appeal. See `White v McLouth Steel Corp,* 18 Mich App 688; 171 NW2d 662 (1969). However, during the pendency of that appeal, trial was held on the Whites' claims against McLouth.

In this trial, the trial judge explained the theories of possible liability thusly:

"Plaintiffs claim negligence on the part of McLouth in failing to gas-free the furnace; misrepresenting, expressly and impliedly, that the furnace was gas-free; failing to provide blasting mats; failing to require that Anderson employ blasting mats; failing to warn plaintiff of the blasting in timely fashion; allowing blasting while plaintiff was on the premises; and allowing a herd of men to gather at the blasting scene at a critical time.

"Plaintiff also claims the work in question was inherently dangerous and that under the law of Michigan pertaining to such cases, defendant McLouth must answer for the negligence of any contractor hired to do the work, such as A. E. Anderson.

"Plaintiffs also claim that under the particular circumstances of extreme and inherent dangers, the behavior of the defendant was so wanton and so careless in relation to human life and limb at stake as to constitute a matter of gross negligence.

"Lastly, the plaintiffs claim that the work being done was an ultrahazardous activity for which McLouth is absolutely and strictly liable regardless of fault and negligence on its own part or on the part of Anderson."

The jury was instructed to return a general verdict in favor of the prevailing party. However, at the rendition of the verdict, the foreman announced,

"Your Honor, we the jury find the defendant McLouth Steel *guilty of negligence,* compensation to Mr. White in the amount of $200,000.00; Mrs. White $25,-000."[1] (Emphasis supplied.)

---

[1] On June 6, 1969, the official court reporter certified that he

After the decision against McLouth at trial, the instant case was instituted wherein McLouth asserted its right to indemnification by Anderson. The case was submitted to the jury on four special verdicts. See GCR 1963, 514. The four questions and the jury's answers are as follows:

"Was McLouth Steel negligent in the occurrence causing injury to the Whites?

"Answer: Yes.

"If the answer is yes, was their negligence *a proximate cause* of the injury to the Whites?

"Answer: *No.*

"Was Anderson Company negligent in the occurrence causing injury to the Whites?

"Answer: Yes.

"If the answer is yes, was their negligence *a proximate cause* of the injury to the Whites?

"Answer: *Yes.* "(Emphasis supplied.)

The trial court entered judgment in favor of McLouth on the basis of Anderson's agreement to indemnify, principles of common-law indemnity,

stenographically reported the proceedings in this case and that the typewritten pages, including the above-quoted rendition of the verdict constituted a true, full, and correct transcript of his shorthand notes.

On August 27, 1969, the trial judge granted McLouth's motion to amend the form of the verdict. The order states: "It is further ordered that the words, 'the defendant McLouth Steel guilty of negligence,' as used by the foreman in announcing the verdicts in these causes be, and the same hereby are, stricken from the record and the words, 'in favor of the plaintiffs,' be and hereby are, substituted in their place".

On February 11, 1971, the reporter certified as a true and correct transcript of shorthand notes certain pages in which the verdict of the jury as announced reads: "Your honor, we the jury find *in favor of the plaintiff,* compensation to Mr. White in the amount of $200,000.00; Mrs. White: $25,000.00". (Emphasis supplied.)

We emphasize that court reporters and stenographers are bound to make a *verbatim record* of the proceedings. GCR 1963, 915.2. A judge should not in any way interfere with or cause the alteration of the true record as reported by the court reporter. In addition, a court reporter should not, *even on the order of a judge,* strike from the record that which actually took place. Any deviation in a transcript or certified record stultifies appellate review.

and breach of an implied promise by Anderson to do its work in a safe and workmanlike manner. Defendant Anderson appeals.

First, we stress that our analysis deals with principles of indemnity, *not* contribution among joint tortfeasors. In this situation, contribution is not available since the Workmen's Compensation Act provides the only basis of recovery by the Whites against Anderson. *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965).

Second, even though the Workmen's Compensation Act precludes contribution, indemnification of McLouth by Anderson is permissible under either a properly drawn contractual agreement, *Ryan Stevedoring Co, Inc v Pan-Atlantic Steamship Corp,* 350 US 124; 76 S Ct 232; 100 L Ed 133 (1956), or at common law, *Husted v Consumers Power Co, supra; Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104 (1946); see also *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972).

The underlying principle of indemnity rests on the notion that when one is compelled to pay money another ought to pay, the former may recover the sum so paid from the latter *if* the one making the payment is free from causal negligence. Consequently, contractual agreements to indemnify have been strictly construed to prevent a casual interpretation that would allow indemnification for the consequences of a party's own negligence. *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966). And at common law, a party seeking indemnification must prove himself free from personal fault. *Husted v Consumers Power Co, supra,* 376 Mich at 51; 135 NW2d at 374.

Defendant contends the verdict as announced by the foreman in the first trial that McLouth was "guilty of negligence" precludes McLouth's subsequent assertion of "innocence" necessary to support an action for indemnification. We do not agree. In that case the jury was instructed they could find for the plaintiffs under any one of the three theories of liability, at least two of which involved McLouth's liability for Anderson's negligence. The decision in favor of the plaintiffs in that case should be viewed only as the establishment of the Whites' right to recovery and not as a determination of which of two sources of recovery occasioned the injury through its negligence. *Indemnity Insurance Co of North America v Otis Elevator Co, supra,* 315 Mich at 398; 24 NW2d at 106. The jury, in that prior case, was not called upon to decide whether McLouth *or* Anderson was negligent and we decline to give such an interpretation to the improvident words of the jury foreman.

The finding of negligence on McLouth's part in the second case, likewise does not preclude indemnification since the jury expressly found such negligence *not* a proximate cause of the injury. See *Dale v Whiteman, supra,* 388 Mich at 705; 202 NW2d at 800. Therefore, either the contractual agreement to indemnify, or common-law principles of indemnification provide an adequate basis for the judgment entered against Anderson.

In response to plaintiff McLouth's assertion on cross appeal that it is entitled to interest on the award from the date of the filing of the third-party complaint against Anderson, we note that the judgments against McLouth entered June 5, 1969, in favor of the original plaintiffs have been set-

tled.[2] Although MCLA 600.6013; MSA 27A.6013, indicates interest on money judgments is to be awarded from the date of filing the complaint, we hold the modification ordered by the trial judge which would allow interest to accrue from the date of judgment against McLouth was proper.[3] The purpose of an action seeking indemnification is to restore to the indemnitee that amount which he has paid which another ought to have paid.

The amount for which the indemnitor is liable is necessarily determined by the judgment sustained by the indemnitee, which amount would then *include* interest payable to the original plaintiff from the date of the filing of his complaint, pursuant to MCLA 600.6013, *supra.* That portion of time between the filing of the third-party complaint by the indemnitee was therefore already burdened by statutory interest in this case. In such a setting it is proper not to further augment the indemnitor's liability by adding more interest to an amount that had not yet been determined nor paid out by the indemnitee. See *Vannoy v City of Warren,* 26 Mich App 283; 182 NW2d 65 (1970), *aff'd,* 386 Mich 686; 194 NW2d 304 (1972).

Affirmed. Costs to appellee.

McGregor, J., concurred.

Adams, J. *(dissenting).* The crux of this appeal involves a jury verdict in an action by Anthony White and his wife against McLouth Steel Corpo-

---

[2] The pleadings indicate the judgments obtained by the Whites entered on June 5, 1969, were settled at $175,000. In a separate case, but arising out of this same transaction or occurrence, settlement was reached before trial at $10,000.

[3] The trial court also ordered interest to accrue from the date of settlement in the separate case mentioned in footnote 2, *supra.* We also hold that award proper.

ration. I agree with Judge GILLIS' statement of the essential facts except for one sentence which reads as follows: "The jury was instructed to return a *general* verdict in favor of the prevailing party". (Emphasis added.)

The pertinent portion of the instruction given by the trial judge is as follows:

"Your possible verdicts, then, members of the jury, and I say verdicts because you must render a verdict in the case of Anthony White and a verdict in the case of Ruby White, your possible verdicts, first in the case of Anthony White, would be, if you find in his favor, to assess damages as you feel he has proven to you by a fair preponderance of the evidence he is entitled to under the facts as presented to you in open court, guided by the law as the court has given it to you. If you find, of course, that the plaintiff Anthony White is not entitled to a verdict from the defendant McLouth Steel, your verdict would be no cause for action.

"In the case of Ruby White, if you find in favor of Anthony White then you will assess Ruby White's damages in such an amount as you find that she has proven from the evidence by a fair preponderance of the evidence she is entitled to from this defendant. If you find either that she has not proven she is entitled to anything or if you find that the plaintiff Anthony White was not entitled to anything, then, of course your verdict would be no cause for action as to Ruby White."

Nowhere in the instructions was the jury told it should not specify upon which of plaintiffs' three theories[1] it had based its verdict. In view of the careful instructions by the judge on those theories, the action of the jury in returning a verdict specifically based on one of them (negligence) is entirely logical and in no way contrary to the instructions it received.

---

[1] Negligence and gross negligence, inherently dangerous activity, and strict liability.

*Issue I*

*May the trial court order that the record as
reported by the court reporter be altered?*

I am not concerned here with the power of a
trial judge to instruct a jury as to the proper
verdict it should bring in. What does cause me
concern is the *alteration of the instant record* by
order of the trial judge, completely in violation of
the sworn duty of the court reporter to report the
proceedings and testimony in a case truly and
correctly. (See footnote 1 of the majority opinion.)
A judge should not in any way interfere with or
cause the alteration of the true record as reported
by the court reporter. The transcript of what
occurred at trial is the court reporter's responsibil-
ity, not the judge's. If a trial judge had the power
to alter the record, appellate courts would be
stultified in their effort to review trial proceedings.

I would take this occasion to admonish both the
trial judge and the court reporter, and to instruct
the reporter in no uncertain terms that he has a
separate, independent sworn duty faithfully to
report the proceedings and the testimony taken.
Under no circumstances, not even on the order of
a judge, should he delete *from the record* that
which actually took place.

*Issue II*

*Is McLouth entitled to indemnification?*

The situation in these cases illustrates the tre-
mendous importance of a proper record in order
that there may be intelligent review by an appel-
late court. The indemnity provision in the contract
between McLouth and Anderson reads as follows:

"If this order covers the performance of labor for the

buyer, the seller agrees to indemnify and protect the buyer against all liabilities, claims, or demands for injuries or damages to any person or property growing out of the performance of this contract. The seller further agrees to furnish a certificate from its insurance carriers showing that it carries adequate workmen's compensation, public liability, and property damage insurance coverage. Said certificate must show the amount of coverage, number of policy and date of expiration. If seller is self-insurer, he must have the Department of Labor and Industry of the state in which said labor is to be performed furnish certificates of the same direct from their offices to the buyer."

The indemnity provision does not in specific language provide for indemnification to McLouth for its own negligence. See *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966), *leave den,* 379 Mich 754. *Geurink* decided that liability for the negligence of an indemnitee will not be imposed on the indemnitor unless such intent is unequivocally expressed in the contract. The purpose of this holding was to prevent indemnitors from being made liable for something for which they had not contracted.

In the suit by Anthony E. White and Ruby T. White against McLouth, the judge charged the jury that plaintiffs' claims were based upon theories of negligence, gross negligence, an inherently dangerous operation, and strict liability.

The judge charged the jury at considerable length with regard to negligence, contributory negligence, and gross negligence. In instructing the jury with regard to an inherently dangerous activity and with regard to strict liability, the judge at no time spoke of negligence on the part of McLouth. He carefully pointed out that under these theories the negligence of some other person or party could be attributable to McLouth.

We must assume that the jury performed its duty by applying the law as given by the court to the facts as found by the jurors. The verdict of the jury was: "We the jury find the defendant Mc-Louth Steel *guilty of negligence".* (Emphasis added.) In light of the judge's charge to the jury, the only way this verdict can be read is that the jury found against McLouth on plaintiffs' negligence theory which, under the judge's charge, included the issue of proximate cause. While the jury could have brought in a general verdict, or could have been instructed by the judge to correct its verdict to a general one, in which case it would not be possible to determine on which theory McLouth was found liable, the verdict which the jury *did bring in* can be given only one interpretation.

McLouth's right to indemnification by Anderson, if any, is based upon McLouth's obligation to compensate the Whites as a result of the *White v McLouth* cases. Since that jury found McLouth guilty of negligence and awarded damages based upon such finding, the determination of the jury *a fortiori* included a finding that the negligence of McLouth proximately caused injury to the Whites. McLouth therefore may not receive indemnification from Anderson either by virtue of the indemnification provision of their contract, *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966); *Geurink v Herlihy Mid-Continent Co, supra,* or on a theory of common-law indemnity, *Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965).

Since my vote to reverse the trial judge would be dispositive of these cases, I do not consider the issue raised on the cross appeal by McLouth with regard to interest on the judgment.

I would reverse.