HAMILTON *v.* ARNOLD.

1. TRIAL—REQUESTS TO CHARGE—DISPUTED FACTS.

A party who, by his requests to charge, has treated certain questions of fact as disputed, cannot complain because the court treats them in the same way in its general instructions.

2. ASSAULT AND BATTERY—INSTRUCTIONS.

An instruction, in an action for assault and battery, that, if plaintiff was removing defendant's property "with no manifestation of force, then defendant would not be excusable in using force, or legally allowed to do so," is harmless error, where it was elsewhere clearly charged that he might use sufficient force to reclaim the property, or to prevent its removal, and where the evidence tends to show the use of excessive force.

Error to Calhoun; Smith, J. Submitted April 6, 1898. Decided May 6, 1898.

Case by Paulina Hamilton against Adam C. Arnold for assault and battery. There was a judgment against defendant, from which M. V. Barker, his administrator, brings error. Affirmed.

*Herbert E. Winsor*, for appellant.

*Williams & Lockton*, for appellee.

MONTGOMERY, J. This action was for an assault and battery alleged to have been committed on the plaintiff, and was prosecuted to judgment against Adam C. Arnold in his lifetime. His administrator has procured a bill of exceptions to be settled, and brings error.

A preliminary question arises over a challenge made to the array of jurors. We need not discuss this question at length, as the ruling of the circuit judge is fully sustained by previous rulings of this court. *People* v. *Coffman*, 59 Mich. 7; *People* v. *Coughlin*, 67 Mich. 470.

The facts of the case developed at the trial were these: Plaintiff and her husband resided on lot 88, block 4, Battle Creek. The defendant was the owner of the adjoining lot 87. The exact location of the line was disputed. On the disputed land there were three plum trees. The plaintiff and her son were, on the day of the alleged assault, gathering plums from one of these trees. The defendant, accompanied by a deputy sheriff, came on the scene, and, as plaintiff's testimony tends to show, found plaintiff with a pan partially filled with plums, standing on a portion of the lot occupied by herself and husband, and outside the disputed territory, and seized hold of her. Plaintiff also claimed that the defendant had given her permission to gather the plums.

The defendant's counsel assigns numerous errors on the charge. It is first contended that the court was in error in submitting to the jury the question whether the plum tree stood on the lot occupied by the Hamiltons, and also in submitting to the jury the question whether deceased gave plaintiff permission to pick plums

from the tree.    Without reciting the testimony at length, it will suffice to say that there was some testimony to support each of the claims made by the plaintiff in that regard.    Furthermore, the requests preferred by the defendant at the trial treated both of these questions as disputed questions of fact.    One of these requests was as follows:

"If the fruit which the plaintiff was attempting to gather and remove was upon lands owned or controlled by the defendant, then she had no lawful right upon the lands, or to the possession of the fruit, without permission of defendant; and without such permission she was a trespasser."

This instruction was given in substance, and the circuit judge very properly stated the converse of the proposition, leaving to the jury the determination of the facts which the defendant's counsel assumed to be in dispute.

Complaint is made of a portion of the instruction reading as follows:

"If you should find that Mrs. Hamilton had no right to the plums whatever, yet in picking and taking them away she was doing so by no manifestation of force, then the defendant would not be excusable in using force, or allowed legally to do so."

It is said that this instruction was erroneous for the reason that, even though the plaintiff was inactive, the defendant had the right to use force sufficient to reclaim his property.    This is, in the abstract, correct, and, if we were satisfied that the jury could have been misled by this instruction, we should feel constrained to reverse the case, as we cannot affirm its technical accuracy; but a review of the full charge, when taken in connection with the proofs in the case, convinces us that the jury could not have been misled.    The plaintiff's testimony tended to show that the defendant came up to her, and seized hold of her with considerable force, and that this was the first attempt to reclaim the property.    The court, in view of this testimony, doubtless intended to convey the idea to

the jury that the defendant was not justified in using unnecessary force, and, in view of the very full instructions given in other portions of the charge, we think the jury must have so understood it.   These instructions were as follows:

"If the plaintiff was removing the plums belonging to the defendant without lawful right, then the defendant would be justified in attempting to take them from her, and could use sufficient force to compel the plaintiff to give them up.

"If the plums, which are the property in question in this case, belonged to the defendant, and the plaintiff was attempting to remove them without consent or lawful authority from the defendant, and they belonged or were under the control of defendant, he had a right to prevent her from so doing.   *   *   *   But in the case suggested—that is, should you find that the plaintiff had no legal right to the plums, and that the defendant was seeking to retake only what belonged to him—he would only have had a right to use sufficient force to overcome the force used by Mrs. Hamilton in taking away the plums.   Defendant would have no right to use more force than was reasonably necessary, under all the circumstances, to retake them; and, should you find that he did use more force than was reasonably necessary, he would be liable for such damages as were occasioned by such excessive use of force."

A criticism is also made of a portion of the charge reading:

"If Mrs. Hamilton had no right to the plums, Mr. Arnold would have no right to use more force than was reasonably necessary to retake his property; in other words, he would have no right to commit an assault and battery upon her."

This criticism is answered by supplying the succeeding sentence omitted in the criticism of counsel, viz. :

"That is, to go beyond the necessary force of retaking his property."

A criticism is made of the charge of the court on the question of damages, and it is said the court erred in permitting the jury to award added damages for injury to

the feelings in case malice should be found, for the reason that there was no evidence of malice. It is evident that defendant's counsel considered this a proper question for the jury, as he preferred the following request: "The defendant cannot be charged with malice unless it has been shown by evidence that he was intending to injure plaintiff at the time he took hold of her arm and tried to recover his property." We may add that there was evidence from which we think the jury might have been justified in inferring malice, and that the charge of the court upon this subject was carefully guarded.

We discover no prejudicial error. The judgment will be affirmed.

The other Justices concurred.