VANNOY v CITY OF WARREN

OPINION OF THE COURT

1. APPEAL AND ERROR—INSTRUCTIONS—ESTOPPEL—JUDGMENT—INTEREST—INVITED ERROR.

Plaintiff was estopped to assert as error that she was entitled to interest calculated on the amount of her judgment from the date her complaint was filed rather than from the date of the judgment where her counsel requested that the jury be instructed otherwise and in specific substance the trial judge did so instruct as, assuming error as claimed, that error comes within the purview of what tradition and common sense is known as "invited error".

2. APPEAL AND ERROR—INSTRUCTIONS—INVITED ERROR.

A party may not ask for appellate review of an error in giving an instruction which he himself requested, or which is substantially identical with one requested by him as the doctrine of invited error is applicable.

CONCURRING OPINION

BLACK, J.

3. DEATH—WRONGFUL DEATH—DAMAGES—INTEREST—INSTRUCTIONS.

*Had special damages, as provided by the wrongful death act, been claimed in a wrongful death action, plaintiff would have been entitled—upon request—to a separate and appropriately worded interest-bearing charge, extended at the legal rate over the period between sufferance of those damages and the time of the jury's verdict (MCLA 600.2922).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  5 Am Jur 2d, Appeal and Error § 713 *et seq.*
[3]  22 Am Jur 2d, Death § 211.
[4-6]  22 Am Jur 2d, Death § 115 *et seq.*
[7]  22 Am Jur 2d, Death § 267 *et seq.*

4. DEATH—WRONGFUL DEATH—STATUTES—DAMAGES.

*Wrongful death actions are purely statutory and the measure for both pecuniary injury and pecuniary loss has been set up in the statute itself (MCLA 600.2922).*

5. DEATH — WRONGFUL DEATH — DAMAGES — JUDGMENT — INTEREST —STATUTES.

*The exclusive determination of the measure of damages for both pecuniary injury and pecuniary loss, in terms of dollars, was expressly left to and remains now with "the court or the jury"; hence, the statute providing that interest shall be allowed on any money judgment recovered in a civil action has no application to wrongful death actions (MCLA 600.2922, 600.6013).*

6. DEATH—WRONGFUL DEATH—DAMAGES—INTEREST—VERDICTS.

*"The court or jury" is the appointed determiner in the trial court of the entire amount of damages the plaintiff fiduciary is entitled to recover under the wrongful death statute, and interest at the legal rate starts to accrue upon the amount thus determined from the date of finding or verdict (MCLA 600-.2922).*

7. DEATH—WRONGFUL DEATH—DAMAGES—INTEREST—INSTRUCTIONS.

*Proper instruction concerning additur of interest upon damages found as having been sustained prior to verdict and present value instructions with respect to damages found as due for sufferance in the future is all that is needed when a wrongful death action is tried to a jury (MCLA 600.2922).*

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and R. B. Burns and Fenlon, JJ., remanding Macomb, Howard R. Carroll, J.  Submitted December 9, 1971.  (No. 11 December Term 1971, Docket No. 53,039.)  Decided February 25, 1972.

26 Mich App 283 affirmed.

Complaint by Pollieanna Vannoy, administratrix of the estate of John Carl Vannoy, against City of Warren and Johnson & Anderson, Inc., for wrongful death.  Verdict and judgment for plaintiff.  Defendants appealed to the Court of Appeals and plaintiff cross-appealed.  Affirmed.  Case remanded on the

motion of the Supreme Court for consideration of the date when interest should begin to run on the judgment. The Court of Appeals remanded to the trial court for determination, and, on appeal, entered an order granting plaintiff statutory interest from the date suit was filed. Defendants' motion for rehearing granted by Court of Appeals. Order granting interest rescinded and case remanded with instructions. Plaintiff appeals. Affirmed.

*Zwerdling, Miller, Klimist & Maurer* (by *Richard L. Schmidt, Jr.*), for plaintiff.

*Nunneley, Nunneley, Hirt & Rinehart,* for defendant City of Warren.

*Plunkett, Cooney, Rutt & Peacock* (by *Richard F. Brennan*), for defendant Johnson & Anderson, Inc.

PER CURIAM. By statutory action for wrongful death (MCLA 600.2922; MSA 27A.2922 and counterpart MCLA 702.115; MSA 27.3178 [185]) the plaintiff recovered judgment against the defendants in the sum of $200,000. The action was tried and the circuit court's judgment was entered in 1967, *after Currie* v *Fiting,* 375 Mich 440 (1965) was released, *after* the 1965 and 1966 amendments of the interest upon judgments statute had been made effective (MCLA 600.6013; MSA 27A.6013), and *before Ballog* v *Knight Newspapers, Inc,* 381 Mich 527 (1969) was decided.[1]

Plaintiff, reviewing Division 2's final ruling against her (see 15 Mich App 158, 168 and rehearing, 26 Mich App 283–289), is here insisting that she is entitled to interest calculated on the amount of her

---

[1] When this case of *Vannoy* appeared here initially, we remanded it "for reconsideration". 382 Mich 771.

judgment *from the date her complaint was filed* (July 20, 1962), rather than from the date of the judgment (March 6, 1967). Defendants City of Warren and Johnson & Anderson, Inc., insist that Division 2 was right in ruling:

"Combining the principles of both the statute and *Currie,* we hold the following. In a wrongful death action, where a claim accrues as of a date certain, the jury is to be instructed to include as part of its award of damages interest from the date of injury to the date the complaint was filed. When the verdict is returned the defendant shall immediately be liable for statutory interest from the date of the complaint to the date the judgment is paid computed in accordance with MCLA § 600.6013 (Stat Ann 1970 Cum Supp § 27A.6013)."

The trouble with plaintiff's allegation of error is that her counsel requested that the jury be instructed otherwise. Her request to charge No. 23 read as follows:

"23. Interest at a rate of five percent (5%) should be awarded from date of death on those damages which accrued at death, if you find any to exist and if you find liability against either of the defendants or both of them as to the plaintiff's estate. The jury should ascertain the date when damages accrued and add interest on same from date of accrual to date of its verdict. After having made your calculations as to interest, you will then report your verdict, if any, by giving a lump-sum verdict. (*Currie* vs. *Fiting,* 375 Mich. 440 (1965).)"

In specific substance the trial judge did so instruct. Whether the instruction delivered did or did not constitute error, and if so amounted to error reversible, became of no moment when the jury entered upon the deliberations which led up to its verdict reported. Plaintiff is estopped to assert error as

alleged. *McDonald* v *Minneapolis, S P & SS M R Co,* 105 Mich 659 (1895); *Hamilton* v *Arnold,* 116 Mich 684 (1898); *Leder* v *National Union Fire Insurance Co,* 175 Mich 470 (1913), and *Collins* v *Michigan C R Co,* 193 Mich 303 (1916).[2]

Assuming error as claimed, that error comes within the purview of what of tradition and common sense is known as "invited error". That topic has received thorough and recent attention; 5 Am Jur 2d, Appeal and Error, §§ 713–722, pp 159–166. Precisely applicable to the instant appeal is § 719 of the text, headed "Instructions." The first full paragraph of the section reads:

"The doctrine of invited error has found wide application with regard to error in instructions. A party may not ask for appellate review of an error in giving an instruction which he himself requested, or which is substantially identical with one requested by him. A complaint about inconsistency in instructions given by the court below may not be raised, on appeal, by the party who caused the inconsistency by requesting and obtaining an instruction which was not in harmony with another instruction that was correct."

Affirmed. Costs accruing since our mentioned order of July 23, 1969 to defendant-appellees.

T. M. Kavanagh, C. J., and Black, Adams, T. E. Brennan, T. G. Kavanagh, Swainson, and Williams, JJ., concurred.

Black, J. (*concurring*). Notable here is the absence of question regarding interest calculated upon those special damages which, for the past 32 years,

---

[2] "At all events, the court having instructed the jury on this matter just as requested by defendant, it would seem that it should be estopped from questioning the correctness of the instructions given." (From the *Collins* case, at 312).

have been provided by the wrongful death statute of 1939, No. 297 and the succeeding enactments thereof.[1] Had such special damages been claimed, this plaintiff would have been entitled—upon request—to a separate and appropriately worded interest-bearing charge, extended at the legal rate over the period between sufferance of those damages and the time of the jury's verdict. The special damages referred to appeared in the act of 1939, and remain now: " * * * and also damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable and reasonable compensation for the pain and suffering, while conscious, undergone by such deceased person during the period intervening between the time of the inflicting of such injuries and his death: * * * ."[2]

We must not forget that wrongful death actions are purely statutory; also that the measure of damages for pecuniary *injury* as it was prior to the effective date of the act of 1939, and the measure for both pecuniary *injury* and pecuniary *loss* as it has stood since that effective date, has been set up in the statute itself. The exclusive determination of that measure, in terms of dollars, was expressly left to and remains now with "the court or jury"; hence the act of 1966[3] has no application to wrongful death actions.

There can be little doubt about legislative intent in the regard just stated. The act of 1939, the amendment of 1965, and now the amendment of not

---

[1] This statute, amended by currently effective 1965 PA 146, is citable now as MCLA 600.2922; MSA 27A.2922.

[2] The then new title of the act of 1939 is of significance in determining the original and present legislative purpose (PA 1939, p 687):

"An act requiring compensation for causing death and injuries resulting in death by wrongful act, neglect or default; *to prescribe the measure of damages recoverable and the distribution thereof;* and to repeal inconsistent acts." (Emphasis by present writer.)

[3] 1966 PA 276.—REPORTER.

yet effective 1971 PA 65, all provide in the same words the right to such special damages. The single exception in the statutory phrasing appears in the act of 1965, where "in" was left out before "every," doubtless due to a copying error. Otherwise the phrase has read, uniformly; "and in every such action the court or jury may give such damages, as the court or jury, shall deem fair and just," with reference to the specially allowable damages (which to the present time have been confined to "pecuniary injury", "pecuniary loss", and the special damages mentioned above). To the writer, this spells out that "the court or jury" is the appointed determiner in the trial court of the *entire* amount of damages the plaintiff fiduciary is entitled to recover under the statute, and that interest at the legal rate starts to accrue upon the amount thus determined from the date of finding or verdict.

When a wrongful death action is tried to a jury all that is needed is proper instruction concerning additur of interest upon damages found as having been sustained prior to verdict, and present value instructions with respect to damages found as due for sufferance in the future. Hence I perceive no reason for departure from well known instructional rules of the past (see *Larsen* v *Home Telephone Co,* 164 Mich 295, 324, 328 [1911] and *Currie* v *Fiting,* 375 Mich at 454, 455, 488, 489 [1965]).