McDANIEL v MACOMB COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 96820. Submitted May 19, 1988, at Detroit. Decided June
21, 1988. Leave to appeal applied for.

Golcheff Brothers Excavating Company agreed to indemnify the
City of Fraser for injuries and damages sustained by third
parties as a result of conditions at a sewer construction site.
George McDaniel, individually and as next friend of Mark
McDaniel, a minor, brought an action in the Macomb Circuit
Court against the city, Golcheff Brothers and the Macomb
County Board of Road Commissioners for damages for injuries
sustained by Mark which were proximately caused by the
conditions at the construction site. On July 7, 1977, the city
filed a cross-claim against Golcheff Brothers for indemnifica-
tion. On September 28, 1982, the city entered into a settlement
with plaintiff. The court then granted a judgment in favor of
the city and against Golcheff Brothers. The Court of Appeals
affirmed in an unpublished opinion per curiam, Docket No.
82720, decided May 7, 1986. Later, the court, Raymond R.
Cashen, J., determined that prejudgment interest should be
calculated from the settlement date, not the date of filing the
cross-claim. The city appealed.

The Court of Appeals *held:*

Generally speaking, interest on a money judgment is allowed
from the date of filing the complaint to the date of satisfaction
of the judgment. However prejudgment interest should only be
awarded from the date that defendant began delaying payment,
when the delay was subsequent to the commencement of the
action. The court's determination that interest should be calcu-
lated from the settlement date was proper.

Affirmed.

1. INTEREST — JUDGMENT INTEREST.

The purpose of an award of interest under the statute authorizing
interest on money judgments in civil cases is to compensate the

REFERENCES
Am Jur 2d, Interest and Usury §§ 59 *et seq.*
See the Index to Annotations under Interest: Judgments.

prevailing party for the expenses incurred in bringing the action and for the delay in receiving money damages (MCL 600.6013; MSA 27A.6013).

2. Interest — Prejudgment Interest.

Generally speaking, interest on a money judgment is allowed from the date of filing the complaint to the date of satisfaction of the judgment; however prejudgment interest should only be awarded from the date that defendant began delaying payment, when the delay was subsequent to the commencement of the action.

*Robert B. Tatham* and *Deborah H. Hebert,* of Counsel, for defendant City of Fraser.

*Finney & Lewis, P.C.* (by *George R. Lewis*), for Golcheff Brothers Excavating Company.

Before: H. Hood, P.J., and Cynar and R. B. Burns,* JJ.

Per Curiam. Cross-plaintiff, City of Fraser, appeals as of right from a November 3, 1986, order granting the city prejudgment interest from September 28, 1982, the date that the city entered into a settlement with the original plaintiffs, rather than July 7, 1977, the date that the city filed its cross-complaint for indemnification against cross-defendant, Golcheff Brothers Excavating Company. We affirm.

The facts are not in dispute. A contract was entered into between the city and Golcheff Brothers for the construction of a sewer line in the City of Fraser. The contract contained an indemnification clause in which Golcheff Brothers agreed to indemnify the City of Fraser for injuries and damages sustained by third parties as a result of the conditions of the construction project.

On May 10, 1975, Mark McDaniel, a minor, was

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

injured in an accident which occurred while he was riding his bicycle on a city sidewalk. At the time of the accident, the sidewalk had not yet been fully restored from the sewer line construction project. George McDaniel, individually and as next friend of his minor son, Mark, filed suit against the Macomb County Board of Road Commissioners, the city, and Golcheff Brothers.

The city filed a cross-complaint for indemnification against Golcheff Brothers on July 7, 1977. In settlement of plaintiff's claims against the city, on September 28, 1982, the city paid plaintiff $50,000. The city then proceeded on its cross-complaint for indemnification against Golcheff Brothers.

In an opinion dated April 10, 1984, the trial court found in favor of the city's indemnification claim. On May 21, 1984, the trial court entered a judgment in favor of the city in the amount of $74,631.46, which included costs and attorney fees incurred by the city in defense of the underlying negligence claim. Golcheff Brothers appealed to our Court. We affirmed the trial court's judgment. See *McDaniel v Macomb Co Bd of Road Comm'rs,* unpublished opinion per curiam of the Court of Appeals, decided May 7, 1986 (Docket No. 82720).

On remand to the trial court, Golcheff Brothers filed a motion to compel satisfaction of the judgment, arguing that prejudgment interest should be calculated from the settlement date (September 28, 1982) rather than the date of the filing of the cross-complaint (July 7, 1977). On September 11, 1986, in a written opinion, the trial court determined that statutory prejudgment interest should be calculated from the settlement date. On November 3, 1986, the trial court entered an order and awarded the city a final judgment of $114,465.54. The city appealed.

The sole issue for our determination is whether

the trial court erred in calculating prejudgment interest from the date of settlement rather than from the date of the filing of the cross-complaint.

The city argues that, pursuant to the plain language of MCL 600.6013(1) and (2); MSA 27A.6013(1) and (2), prejudgment interest should be awarded from the date that it filed its cross-complaint. MCL 600.6013(1) and (2); MSA 27A.6013(1) and (2) provide:

> Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section, except that for complaints filed on or after October 1, 1986, interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment. As used in this subsection, "future damages" means that term as defined in section 6301.
>
> For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980, at the rate of 6% per year and on and after June 1, 1980, to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

The purpose of an award of interest under the statute is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. *Stewart v Isbell,* 155 Mich App 65, 79-80; 399 NW2d 440 (1986). Generally speaking, interest on a money judgment is allowed "from the date of filing the complaint" to "the date of satisfaction of the judgment." *Matich v Modern Research Corp,* 430 Mich 1, 7; 420 NW2d 67 (1988); *Om-El Export Co, Inc v Newcor, Inc,* 154 Mich App 471, 481; 398 NW2d 440 (1986), lv den 426 Mich 878 (1986).

Under certain circumstances, this Court has held that prejudgment interest should be awarded only from the date that defendant began delaying payment, when the delay was subsequent to the commencement of the action. *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973), lv den 391 Mich 754 (1973); *Foremost Life Ins Co v Waters (On Remand),* 125 Mich App 799; 337 NW2d 29 (1983).

In *McLouth Steel, supra,* judgment was entered against McLouth in favor of the original plaintiff, an employee of Anderson. During the original action, McLouth filed a third-party complaint against Anderson for indemnification. After the employee received a judgment against McLouth, McLouth sought indemnification from Anderson for the amount of the judgment. McLouth prevailed. The trial court ordered that the indemnification award bear prejudgment interest from the date of the original judgment against McLouth rather than the earlier date of McLouth's third-party complaint. On appeal, this Court affirmed the trial court's disposition and stated:

> Although MCLA 600.6013; MSA 27A.6013, indicates interest on money judgments is to be awarded from the date of filing the complaint, we hold the modification ordered by the trial judge which would allow interest to accrue from the date of judgment against McLouth was proper. The purpose of an action seeking indemnification is to restore to the indemnitee that amount which he has paid which another ought to have paid.
>
> The amount for which the indemnitor is liable is necessarily determined by the judgment sustained by the indemnitee, which amount would then *include* interest payable to the original plaintiff from the date of the filing of his complaint, pursuant to MCLA 600.6013, *supra.* That portion of time between the filing of the third-party complaint by

the indemnitee was therefore already burdened by statutory interest in this case. In such a setting it is proper not to further augment the indemnitor's liability by adding more interest to an amount that had not yet been determined nor paid out by the indemnitee. See *Vannoy v City of Warren,* 26 Mich App 283; 182 NW2d 65 (1970), *aff'd,* 386 Mich 686; 194 NW2d 304 (1972). [Emphasis in original. 48 Mich App 432.]

In this case, the trial court's judgment, which included prejudgment interest from the settlement date (September 28, 1982) rather than the date of the filing of the cross-complaint (July 7, 1977), was proper. The City did not sustain any injury or detriment until it paid out to the plaintiff in the underlying action. In addition, the trial court's judgment included costs and attorney fees incurred by the city in defending the underlying action. Therefore, on the authority of *McLouth Steel, supra,* and its progeny, the trial court's judgment of $114,465.54 is affirmed.

Affirmed.