**PRESTIGE CASUALTY COMPANY,**
Plaintiff,

v.

**MICHIGAN MUTUAL INSURANCE COMPANY, Defendant.**

No. 93–CV–71495–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 30, 1997.

**1030**

David S. Anderson, Bloomfield, MI, for Plaintiff.

Christopher L. Terry, Detroit, MI, for Defendant.

*OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND DETERMINATION OF PREJUDGMENT INTEREST*

ROSEN, District Judge.

## I. *INTRODUCTION*

This matter arises from a dispute between Plaintiff Prestige Casualty Company ("Prestige") and Defendant Michigan Mutual Insurance Company ("Michigan Mutual") regarding prejudgment interest on an indemnification judgment in the Wayne County Circuit Court for an auto accident. The case came to this Court on diversity jurisdiction when Prestige filed a Declaratory Judgment Complaint against Michigan Mutual to establish their relative liabilities with respect to the indemnification judgment. Here, the Court determined that Michigan Mutual had to pay 2/3 of the judgment and that Prestige had to pay 1/3.

When this determination was effectively upheld on appeal to the Sixth Circuit, Michigan Mutual sent Prestige a check for its share of the liability, including prejudgment and post-judgment interest. Prestige rejected the check because it disagrees with the manner in which Michigan Mutual calculated the prejudgment interest.

Thus, this matter is before the Court on Prestige's March 10, 1997 Motion for Entry of Judgment and Determination of Prejudgment Interest. Here, Prestige argues that it is entitled to prejudgment interest from the date on which its insured filed a third-party action against the Defendant's insured in the underlying auto accident lawsuit. Alternatively, Prestige argues that the Court should award prejudgment interest from the date on which it settled its insured's obligations with the auto accident plaintiff.

Michigan Mutual, however, contends that since Prestige was not a party to the auto accident lawsuit, it should neither be allowed to receive prejudgment interest from the date on which its insured filed a third-party complaint against Michigan Mutual's insured, nor from the date on which Prestige settled its insured's obligations with the auto accident plaintiff. Instead, Michigan Mutual argues that Prestige should only be able to collect prejudgment interest from the date on which Prestige filed its Declaratory Judgment Complaint in this Court.

Having reviewed the parties' pleadings and determined that oral argument is not necessary, the Court is now prepared to rule. This Opinion and Order sets forth the Court's ruling.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

### A. *The Auto Accident Lawsuit and the Associated Indemnification.*

In the underlying auto accident lawsuit, the Wayne County Circuit Court entered a judgment for indemnification against Wolverine Expediting ("Wolverine"), an insured client of Michigan Mutual, and Gregory Freed, an insured client of Prestige. *Prestige Casualty Co. v. Michigan Mutual Insurance Co.*, 859 F.Supp. 1058, 1063 (E.D.Mich. 1994). Thereafter, the matter came before this Court on Prestige's Declaratory Judgment Complaint.

The pertinent facts from the auto accident lawsuit are as follows. On October 8, 1985, Plaintiff Paul was injured in an auto accident with a van owned by defendant Bogle and driven by defendant Freed. Bogle had leased his truck to Wolverine, a transportation company, and Freed was employed by Bogle to drive the truck for Wolverine. At the time of the accident, Bogle was insured by Prestige and Wolverine was insured by Michigan Mutual.

After the accident, Paul's parents filed suit in Wayne County Circuit Court against Bogle, Freed, and Wolverine. Paul's parents stipulated to dismiss Wolverine, whereupon Bogle and Freed, both represented by Prestige's counsel[1], filed a third-party complaint against Wolverine. On the third-party complaint, the Wayne County Circuit Court found that Wolverine was primarily liable for Paul's injuries and rejected Wolverine's claim for indemnification from Freed. Thereafter, Wolverine appealed this decision.

On March 22, 1990, before the Michigan Court of Appeals decided Wolverine's appeal, Bogle and Freed settled with Paul's parents for $225,000, a sum paid by Prestige. The Michigan Court of Appeals subsequently upheld Wolverine's liability and ruled that: (1) Wolverine must indemnify Bogle pursuant to the terms of the original lease between the parties; and (2) Wolverine may be entitled to indemnity from Freed. *Paul v. Bogle,* 193 Mich.App. 479, 484 N.W.2d 728, 737–38 (1992).

Thereafter, on February 5, 1993, the Wayne County Circuit Court, on remand from the Michigan Court of Appeals, entered an order for indemnification in favor of Bogle and against Wolverine in the amount of $251,428.67 ($225,000 settlement plus attorneys fees), plus interest. The Court there also ordered that Freed pay Wolverine the same sum on the ground of common law indemnification.

### B. The Federal Lawsuit.

On April 8, 1993, Prestige filed a Declaratory Judgment Complaint in this Court to determine which insurance company should pay whom and how much. On cross-motions for summary judgment, the Court held that Wolverine and Freed were insured under both the Michigan Mutual and Prestige policies, and that the broad coverage clauses in both policies provided coverage for payment of the Wolverine and Freed indemnification judgments, but on only an excess basis. *Prestige Casualty Co. v. Michigan Mutual Insurance Co.,* 859 F.Supp. 1058, 1066–73 (E.D.Mich.1994). In light of these conflicting excess coverage clauses and the lack of a primary insurer, the Court discarded the excess coverage clauses and apportioned liability on a pro rata basis, in accordance with the respective policy limits, thereby mandating that Michigan Mutual pay 2/3 and that Prestige pay 1/3 of the total indemnification judgment. *Id.* at 1073. It should be noted here that the parties to the *Paul* case attempted to get these issues—i.e., which insurance company must pay whom—before that court, but the *Paul* court refused, finding that neither Prestige nor Michigan Mutual were parties to the *Paul* case. *Id.* at 1063 (citing *Paul, supra,* 484 N.W.2d at 737).

Michigan Mutual appealed this Court's decision to the Sixth Circuit, arguing that the Prestige policy afforded primary coverage to Wolverine, Bogle and Freed, and, thus, that the Michigan Mutual policy was in excess. Although the Sixth Circuit held that both the Prestige and Michigan Mutual policies were primary, rather than excess, this did not alter the 2/3 and 1/3 apportionment. *Prestige Casualty Co. v. Michigan Mutual Insurance Co.,* 99 F.3d 1340, 1349–1351 (6th Cir. 1996).

Following the Sixth Circuit's judgment, Michigan Mutual sent Prestige a check in the amount of $202,844.83, together with a worksheet showing the manner in which it had calculated prejudgment and post-judgment interest. (Michigan Mutual's Brief, Ex. A). Prestige rejected the check and filed this action on March 10, 1997, contending that Michigan Mutual's calculation of prejudgment interest accrued interest from the wrong date.

---

1. Freed was Bogle's employee at the time of the accident.

## III. *ANALYSIS*

■ Prestige argues that it should receive accrued prejudgment interest from July, 20 1988, the date that Bogle and Freed filed the third-party action against Wolverine. Alternatively, Prestige argues that at the very least the Court should award prejudgment interest from March 22, 1990, the date Prestige settled Paul's personal injury claims against its insured, Bogle. In contrast, Michigan Mutual contends that prejudgment interest should be held to accrue from April 8, 1993, the date that Prestige filed its Declaratory Judgment Complaint in this Court.

### A. *M.C.L.A. § 600.6013 and the Rittenhouse Decision.*

Michigan's statute[2] for determining prejudgment interest provides that:

> For complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated at 6–month intervals *from the date of filing the complaint* at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5–year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

M.C.L.A. § 600.6013(5) (*emphasis* added).

For the purposes of calculating prejudgment interest, the Michigan Supreme Court has interpreted the "date of filing the complaint" to mean the date of the filing of the complaint: (1) upon the defendant from whom prejudgment interest is sought and (2) on which the judgment itself is based. *Rittenhouse v. Erhart*, 424 Mich. 166, 380 N.W.2d 440, 462–463 (1985); *See also Hi–Mill Manufacturing Co. v. Aetna Casualty & Surety Co.*, 884 F.Supp. 1109 (E.D.Mich. 1995). In *Rittenhouse*, the plaintiff filed an original complaint naming only one defendant in a personal injury claim that resulted from an automobile accident. The plaintiff later amended her complaint to include another defendant. After entering a judgment in her favor, the trial court ordered that the plaintiff was entitled to prejudgment interest from the date on which the second amended complaint was filed.

On appeal, the Michigan Court of Appeals subsequently reversed the trial court, holding that the plaintiff was allowed prejudgment interest from the date of the original complaint. When the matter went to the Michigan Supreme Court, the Supreme Court agreed with the trial court, finding that the date of the filing of the amended complaint was the appropriate date since it would be unreasonable to order the second defendant to pay interest for periods in which no disputed claim existed against it. *Rittenhouse, supra*, 380 N.W.2d at 463.

### B. *Applying Rittenhouse and § 6013 to this Matter.*

Applying *Rittenhouse*, therefore, the Court must determine the date of the filing of the complaint: (1) upon the defendant from whom prejudgment interest is sought and (2) on which the judgment itself is based. In its initial argument, Prestige contends that prejudgment interest began to accrue when Wolverine was brought into the *Paul* case as a third-party defendant on July 20, 1988.

In light of *Rittenhouse*, the Court finds that Prestige's argument must fail. Neither Michigan Mutual nor Prestige were parties to any action until Prestige filed its Complaint for Declaratory Judgment in this Court. Indeed, the Court notes that the reason why this case came before this Court is that the Michigan Court of Appeals found that neither Prestige nor Michigan Mutual were parties to the *Paul* case. Thus, it is clear that Michigan Mutual itself was not a defendant upon whom a complaint had been served until April 8, 1993, the date on which Prestige commenced its Declaratory Judgment action in this Court. Moreover, the only judgment against Michigan Mutual which could serve as the basis for Prestige's prejudgment interest is the Court's judgment regarding Prestige's Declaratory Judgment action. Until the filing of its Complaint,

---

**2.** It is well-established in the Sixth Circuit that prejudgment interest in diversity cases is a matter of state substantive law. *See, e.g., Diggs v.* *Pepsi–Cola Metropolitan Bottling Co.,* 861 F.2d 914, 924 (6th Cir.1988).

there was simply no liability upon which prejudgment interest could accrue vis-a-vis Michigan Mutual and Prestige.[3]

Nevertheless, Prestige argues that, at the very least, the Court should award it prejudgment interest from the date on which it settled with Paul, March 22, 1990. For this proposition, Prestige relies on *McDaniel v. Macomb County Board of Road Commissioners*, 169 Mich.App. 474, 426 N.W.2d 747 (1988). Here, the City of Fraser had entered into a contract with a construction company to construct a sewer line. The contract contained a clause in which the construction company agreed to indemnify the City for any injuries sustained by third parties as a result of the project. 426 N.W.2d at 748. On May 10, 1975, after construction was nearly completed, the plaintiff was injured in the sewer line and subsequently filed suit against the Macomb County Board of Commissioners, the City, and the construction company. *McDaniel, supra*, 426 N.W.2d at 748. On July 7, 1977, the City filed a cross-claim for indemnification against the construction company. Thereafter, the City settled the claim with the injured plaintiff on September 28, 1982.

The relevant question before the Michigan Court of Appeals was from what date it should calculate prejudgment interest—July 7, 1977 or September 28, 1982. The Court concluded that it should be the latter, observing that "[u]nder certain circumstances, this Court has held that prejudgment interest should be awarded only from the date that defendant began delaying payment, *when the delay was subsequent to the commencement of the action*." *Id.* at 749 (citing *McLouth Steel Corp. v. A E Anderson Construction Corp.*, 48 Mich.App. 424, 210 N.W.2d 448, *lv. den.*, 391 Mich. 754 (1973)) (*emphasis* added).

█ Prestige, therefore, seeks to turn *McDaniel* on its proverbial head. Specifically, Prestige seeks additional interest for a "delay" *prior to* the commencement of the action. This inversion, however, runs afoul of the purpose of the prejudgment interest statute, which is to compensate a party for the delay between the filing of its complaint and the entry of a judgment in its favor, *Stewart v. Isbell*, 155 Mich.App. 65, 79–80, 399 N.W.2d 440 (1986). This purpose, necessarily, assumes that the injury on which the interest accrues is legally cognizable from the date on which the complaint is filed. However, when it is clear that the injury does not actually accrue until after the complaint is filed, the Michigan Court of Appeals has modified the general rule to tie it more tightly to the statutory purpose when circumstances permit.

Following this reasoning in the opposite direction on the timeline, however, as Prestige urges the Court to do, is not warranted. The simple reason being that until a party files an actual complaint against an actual defendant there is nothing, as a legal matter, that relates the injury to that defendant. Indeed, if the Michigan Legislature intended M.C.L.A. § 600.6013 to be interpreted as Prestige suggests, it would have enacted a law that accrues prejudgment interest from the time of injury, rather than from the time that the complaint is filed. Finally, Prestige alone is responsible for any "delay" that it suffered between the time of settlement and the time that it filed its Complaint because the timing of the Complaint was a matter solely within its discretion.

In *Rittenhouse*, the Michigan Supreme Court held that prejudgment interest accrues from the date of the filing of the complaint: (1) upon the defendant from whom prejudgment interest is sought and (2) on which the judgment itself is based. Based on this holding, and the plain language of M.C.L.A. § 600.6013(5), therefore, the Court finds that the prejudgment interest in this case began to accrue on April 8, 1993 because this is the date on which Prestige filed against Michigan

---

**3.** In its pleadings, Prestige suggests that *Rittenhouse* is inapplicable here because Prestige and Michigan Mutual are insurance companies. However, Prestige provides the Court with no further discussion and cites no authority for this proposition. If such a distinction were to be made, the Court would look for it in the plain language of the statute or in the controlling precedent from the Michigan courts or the Sixth Circuit. Having examined each of these sources, the Court finds that no statute or case makes this distinction. Therefore, Prestige's distinction is legally one without a difference.

Mutual and this is the date of the complaint which resulted in the judgment that Prestige seeks to increase with prejudgment interest.

In its pleadings, Michigan Mutual has indicated that if the Court calculates prejudgment interest from April 8, 1993, it will give into a prior objection of Prestige and increase its previously refused prejudgment interest payment of $202,844.83 by $10.07, thereby totalling $202,854.90.

### IV. *CONCLUSION*

For the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Michigan Mutual shall pay Prestige $202,854.90 in prejudgment interest in this matter, with prejudgment interest accruing from April 8, 1993.