*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ILA L. WARNER,

        Plaintiff-Appellant,

v

MICHAEL R. SIMENTAL,

        Defendant-Appellee.

UNPUBLISHED
August 17, 2023

No. 362750
Barry Circuit Court
LC No. 2019-944-CZ

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Under what is commonly known as the seven-day rule, the attorneys and their clients have the opportunity to draft their own proposed orders and keep civil litigation moving at a brisk pace. But a drawback of the seven-day rule is that it depends upon attorneys and parties to exercise some initiative. Following a trial court's ruling, the winning party must submit the proposed order within seven days, MCR 2.602(B)(3), and then the losing party has seven days to object to the proposed order. *Id.* If the attorneys do not adhere to those deadlines, an oral ruling can linger without being memorialized in an order. That happened here. The lengthy delay in entering an order reflecting the trial court's summary disposition ruling caused uncertainty and disagreement, which ultimately resulted in an order that did not resolve a major issue regarding the riparian boundary line between lakefront parcels owned by plaintiff, Ila Warner, and defendant, Michael Simental. Because the trial court's failure to address that significant issue was the product of invited error, we affirm.

## I. FACTUAL BACKGROUND

This case involves a property dispute between plaintiff and defendant, who own adjoining parcels of land on Wall Lake. On December 23, 2019, plaintiff filed a six-count complaint, which alleged that defendant's dock trespassed on plaintiff's property and sought, among other things, declaratory relief concerning the riparian boundary line between the adjoining parcels of property. Plaintiff moved for summary disposition under MCR 2.116(C)(10), requesting various forms of relief, including a determination of the location and ownership of the parties' bottomlands and the fair and equitable placement of each party's dock. Defendant likewise sought summary disposition under MCR 2.116(C)(8) and (C)(10), asserting that the dispute in this case arose from plaintiff's

refusal to respect the historical use of the parties' properties. Defendant also argued that plaintiff had failed to add necessary parties. Defendant insisted that if plaintiff prevailed, defendant would be forced to move his dock to an area that would trespass on the land of his neighbor on the other side. According to defendant, plaintiff was required to include in this lawsuit all property owners in the vicinity in order to have an accurate, comprehensive bottomlands determination.

Plaintiff responded to defendant's summary disposition motion, contending that the survey she provided contained a fair and equitable riparian boundary recommendation. She also asserted that she had not failed to add necessary parties because defendant had not furnished evidence that returning his dock to its historical location would interfere with his neighbor and defendant had not established that any other property owner had to participate to establish the riparian boundary between the parties' properties. In her response, plaintiff also suggested an alternative resolution to the issue, noting that the trial court could "forego setting any riparian boundary lines and simply order [defendant] to return his dock to its historic[al] location and to remove the patio."

The trial court conducted a hearing on the competing motions for summary disposition on November 15, 2021. Plaintiff posed a question: "[I]f no riparian lines have been formally set, how do you know you're on your neighbor's bottomlands?" Plaintiff offered her alternative resolution to the issue, stating, "at a minimum, your Honor, we would ask that you rule on a dock placement for Plaintiff and [defendant]. And if you feel that you can draw riparian lines, we think that would be very helpful for the parties going forward." Plaintiff asserted that the trial court could draw the riparian boundary line between the parties' properties without having to draw a boundary line for any nearby parcels. Defendant responded that both sides needed "direction from the Court where the docks should be placed[,]" explaining: "If it's a dock placement decision, we can live with that. If it's a bottomland determination, we can live with that."

At the conclusion of the hearing, the trial court decided that a determination of the boundary line would affect landowners who were not parties to the case:

> So, rather than make any orders that are going to affect the riparian boundaries of people who have not been brought into this action, I'm going to enter an order requiring [defendant] to return his dock to its original position, order him to remove the patio so that it does not continue to trespass on either one of his neighbor's property.
>
> * * *
>
> I think just for the parties' benefit in case, you know, further issue remains, it would appear to me that using point C or D on Mr. Hughes' survey, if – if the Court is going to – if the Court was going to determine riparian bottomland apportionment, I'll tell you that I was inclined to choose radius D as the radius that the Court would intend to use. But I don't believe that I have to do that to resolve this matter. I don't believe that the motion for summary disposition required that I do that.

The trial court determined that there was no cause of action as to the trespass claim because of the number of years plaintiff had been aware of the trespass and did nothing to stop it. The trial

court commented that it was granting dismissal of all other issues and directing plaintiff's attorney to prepare a proposed order memorializing the rulings. As of March 10, 2022, nearly four months after the hearing, no order or proposed order had been submitted. That prompted the trial court to schedule a status conference. At the status conference, plaintiff explained that the delay in drafting the proposed order was due to the parties' belief that there were outstanding issues that the trial court's ruling from the bench had not addressed, so the parties were trying to settle those matters. The trial court then set another status conference for April 26, 2022.

At the status conference on April 26, defendant's attorney reported that there remained an unresolved issue about whether there would be a buffer zone around the property line where neither party could place a dock. The trial court expressed its view that a buffer would be reasonable and it could set the buffer if necessary. The trial court presented two options: reach a settlement and file a signed agreement; or file an order reflecting the court's ruling on November 15, 2021. After the status conference on April 26, settlement negotiations fell apart, so the parties revisited the task of drafting an order that memorialized the trial court's rulings on the summary disposition motion. Plaintiff filed a proposed order pursuant to MCR 2.602(B)(3), to which defendant objected. In his objection, defendant asserted that the parties had not "formally agreed as to the boundary that will be utilized by the parties . . . ." Defendant did acknowledge that the parties had "tentatively agreed to all the issues in this case, except to the placement of the docks."

On June 21, 2022, the trial court held a hearing to address plaintiff's proposed order and defendant's objections to it. During that hearing, defense counsel reiterated his belief that the only outstanding issue was whether a buffer zone should exist between the property boundary line and the parties' docks. Defendant explained to the trial court that there was a "boundary in the water" marked with two buoys that the parties were "living with . . . even though nobody has signed on to it in writing[.]" Defendant believed that "everybody at this point in time agrees this will be the boundary." Defendant requested that the trial court enter a proposed order that plaintiff's counsel and defendant's counsel had discussed four months earlier. The trial court agreed with defendant, so the trial court signed an order that had been drafted by plaintiff's counsel in February 2022. Under the terms of that order, the trial court directed defendant to "return his dock to its historic[al] location and refrain from placing his dock on or mooring anything to Plaintiff's bottomlands." But the trial court declined to set any riparian boundaries. Instead, the trial court ordered defendant to return his dock to its historical place so that the landward terminus was on the eastern half of his lot, and the waterward terminus was not on plaintiff's bottomlands. It also ordered that defendant's docks and moored items could not trespass onto plaintiff's bottomlands. The order dismissed the rest of plaintiff's claims and stated that it resolved the last pending claim and closed the case. This appeal followed.

## II. LEGAL ANALYSIS

On appeal, plaintiff asserts that the trial court erred when it declined to set the legal riparian boundary line between the parties' parcels. To the extent that the trial court erred by not including a description of the legal riparian boundary line in its order, that error was invited by plaintiff, and as a result, appellate review is foreclosed. "Invited error is typically said to occur when a party's own affirmative conduct directly causes the error." *Moody v Home Owners Ins Co*, 304 Mich App 415, 438; 849 NW2d 31 (2014) rev'd on other grounds by *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016) (quotation marks and citation omitted). Under the invited-

error doctrine, "[a]ppellate review is precluded because when a party invited the error, he waives his right to seek appellate review, and any error is extinguished." *People v Jones*, 468 Mich 345, 352 n 6; 662 NW2d 376 (2003). Error requiring reversal may only be based upon "the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence." *Moody*, 304 Mich App at 439. For example, our Supreme Court held that a party could not seek appellate review of an instruction he had requested because that was within the purview of invited error. *Vannoy v City of Warren*, 386 Mich 686, 690; 194 NW2d 304 (1972).

Here, plaintiff claims the trial court erred by declining to identify a legal riparian boundary between the parties' properties. In rendering its ruling, the trial court explained that it did not find it appropriate to identify the riparian boundary between the parties' properties because that would affect property owners who were not parties to the case. To the extent that the trial court erred by not establishing the riparian boundary line, plaintiff invited that error. In her motion for summary disposition, plaintiff requested that the trial court identify the riparian boundary line between the parties' properties. But in responding to defendant's arguments, plaintiff proposed resolutions to the dispute. First, plaintiff suggested that the trial court "could draw one riparian boundary line between the [plaintiff] and [defendant] Parcels so that the parties can maintain a clear delineation of their respective bottomlands." Second, plaintiff suggested that the trial court "could also forego setting any riparian boundary lines and simply order [defendant] to return his dock to its historic[al] location and to remove the patio." During the motion hearing, plaintiff explained her view of the problem and restated two possible means for resolving the matter that the trial court could pursue:

> This is part of a larger issue with this particular cove, because the docks have been historically placed in certain locations so that people, neighbors don't interfere with each other's bottomlands. And [plaintiff] has stuck to that. But the problem really only arose when the neighbors on either side started deviating from the historical placement that has always worked for everyone.

> So, at a minimum, your Honor, we would ask that you rule on a dock placement for plaintiff and [defendant]. And if you feel that you can draw riparian lines, we think that would be very helpful for the parties going forward.

In ruling from the bench at the end of the hearing, the trial court did just as plaintiff suggested in her written response and oral argument: the trial court ruled on the placement of defendant's dock, but did not set the riparian boundary line between the parties' parcels. That was memorialized in the trial court's written order entered seven months later.

Through plaintiff's affirmative conduct proposing the trial court should "forego setting any riparian boundary lines and simply order [defendant] to return his dock to its historic[al] location," she caused the alleged error that she now challenges on appeal. See *Moody*, 304 Mich App at 438. As plaintiff requested, the trial court's order required defendant to return his dock to its historical location, and the trial court decided to forego setting any riparian boundary lines. At a minimum, plaintiff "contributed by plan or negligence" to the alleged error in the trial court's ruling. See *id*. at 439. Accordingly, to the extent that the trial court erred in that regard, the error was invited by plaintiff, so it was extinguished. See *Jones*, 468 Mich at 352 n 6. Thus, Plaintiff waived her right to seek appellate review of the trial court's decision not to set a riparian boundary line. See *id*.

Plaintiff also argues that the trial court erred when it denied her motion for reconsideration. Because appellate review of the alleged underlying error is precluded by the invited-error doctrine, appellate review of the trial court's ruling on plaintiff's motion for reconsideration, which appears to address the same issue, is also precluded. To afford appellate review of the denial of plaintiff's motion for reconsideration in this circumstance would create a loophole that would allow for the review of an invited error, so long as the party sought reconsideration of that issue before seeking appellate review. Such a loophole would undermine the purpose of the invited-error doctrine, so we reject that approach along with plaintiff's request to review the ruling on reconsideration.[1]

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel

---

[1] The trial court's refusal to set a riparian boundary is not fatal to defendant's effort to obtain such relief. In its order memorializing its rulings on summary disposition, the trial court stated that the count of the complaint seeking a declaratory judgment concerning the riparian boundary "is denied in part and without prejudice to the extent that the Court declines to set any riparian boundaries at this time." Thus, plaintiff is not precluded from filing a new case requesting such relief. Of course, the trial court may insist that all affected landowners must be named as parties to that suit, but that matter is not before us on appeal, so we offer no opinion on the subject of who must be named in any subsequent riparian-boundary dispute.